1828.

Byington
v.
Wood.

---

*BYINGTON v. WOOD.

[*145]

Exceptions to an answer are always referred in the first instance to a master.

If either party neglects to appear before the master and argue the exceptions, he will not afterwards be permitted to bring them before the court by exceptions to the master's report.

No exceptions can be taken to a master's report, which are not founded upon objections distinctly taken before the master.

In the case of a reference to state an account, the objections to the report are taken and argued after the draft of the report is prepared.

In such cases, objections may be taken by a party who has not previously appeared before the master; but he cannot introduce any new matter in evidence to support such objections.

THIS case came before the court for a hearing upon exceptions to a master's report upon exceptions to the answer. The defendant did not appear before the master on the reference to argue the exceptions to the answer. <span style="float:right">August 5th.</span>

*N. P. Randall*, for the complainant.

*Wood*, defendant, in proper person.

THE CHANCELLOR:—It appears by the affidavits of the complainant's solicitor and the report of the master, that the

1828.

Byington
v.
Wood.

defendant never appeared before him on the reference, to argue the exceptions to the answer; and it is now objected, that under such circumstances, he has no right to except to the master's report.

It is the practice on the equity side of the exchequer, to refer exceptions to an answer to the court in the first instance; but in the Court of Chancery a different practice prevails. The multiplicity of business in the latter court renders it impossible for the Chancellor to examine the numerous cases of exceptions to answers which must constantly occur. It is for this reason that such exceptions must, in the first instance, be passed upon by a master; and the cases which are brought before the court, by way of appeal from his decision, are comparatively few. The whole benefit of the reference to a master in the first instance will be lost, if the parties are not compelled to appear and litigate the

[*146]

matter before him. *It is undoubtedly the duty of the master, although he proceeds *ex parte*, to examine the subject with as much care as if both parties appeared and contested the matter before him. But every person, at all conversant with the proceedings of courts of justice, is aware that the arguments of counsel materially assist the minds of those who are entrusted with the decision of any matter in coming to a correct conclusion, both as to the law and the facts of the case. Hence it is, that a court of *dernier* resort will not hear and decide any point which has not been distinctly submitted to the court below. And, for the same reason, this court will not permit any exceptions to be taken to a master's report which are not founded on objections distinctly made, and urged upon the consideration of the master. (*Remson* v. *Remson*, 2 John. Ch. Rep. 495; *Methodist Church* v. *Jacques*, 3 John. Ch. Rep. 78; Beame's Orders, 258; *Hues* v. *Lawes*, Bunb. Rep. 93.

In the case of an ordinary reference to take an account, the objections to the report are to be made and urged after the master has prepared the draft of his report; and in such cases, objections may be taken by a party who has not pre-

viously appeared before the master. (Howard's Equity Side, 40.) But he cannot introduce any new matters in evidence to support such objections. On a reference of exceptions to an answer, the master makes no draft of his report, but the whole matter is argued before the master in the first instance. And if either party neglects to appear and argue the exceptions before him, such party cannot be permitted afterwards to bring them before this court by exceptions to the report of the master. The exceptions to the master's report in this case are, therefore, overruled with costs. But as the defendant has probably acted under a mistake as to the practice, I shall, on his paying the costs of the former reference and of this hearing, direct the original exceptions to the answer to be referred back to the master, that the defendant may have an opportunity to be heard thereon.