## CELLULOID MANUF'G CO. v. CELLONITE MANUF'G CO.

*(Circuit Court, S. D. New York. November 6, 1889.)*

1. **PATENTS FOR INVENTIONS—PROFITS FROM USE—FINDINGS OF MASTER.**
   In an action to recover profits arising from the use of a patent solvent, the master in chancery found that defendants used the solvent for treating pyroxyline, and during the same period treated it with other solvents, but, owing to a defect in the pyroxyline, its treatment with the various solvents resulted in a product which could not be sold at a profit; but that, if defendants had not used the solvent in question, they would have used others; and that, by reason of the patent solvent being cheaper, defendants saved a sum which complainant was entitled to recover as a profit. *Held*, that the conclusion of the master was correct.

2. **EQUITY—REPORT OF MASTER—FINDINGS OF FACT—WAIVER.**
   The reason for the rule requiring objections to the findings of a master in chancery to be first made to him on the draft of his report does not fully obtain where the objection is to the principal finding of fact, as he probably would not have changed his conclusion; but it is no hardship to require of the dissatisfied party that he so state his objections, or be deemed to have waived them.

3. **SAME—CONCLUSIONS OF LAW.**
   Where the master is correct in his findings of fact, but errs as to conclusions of law, the rule requiring exceptions to his report is not applicable.

In Equity. On exceptions to master's report.
*J. E. Hindon Hyde,* for complainant.
*John R. Bennett,* for defendant.

WALLACE, J. The exceptions filed by the defendant to the report of the master, to whom it was referred to take an account of damages and profits, impugn every important finding of the master upon matters of fact, and also his conclusion of law upon the facts. The testimony taken before the master has been examined sufficiently to ascertain that it justifies his findings of fact. In the view most favorable to the defendant, the master has only found against the defendant upon facts as to which there is a fair conflict of testimony. His findings, therefore, should not be disturbed. *Mason v. Crosby,* 3 Woodb. & M. 258. Although the testimony bearing upon the exceptions has been thus examined, it is not to be understood that the court is of the opinion that the defendant is entitled to have these exceptions considered. In his draft report the master made the same findings, and no objections to them were interposed by the defendant. According to the correct practice, no exceptions to a report can be considered which were not taken before the master in the form of objections to his draft of the report. The reason for

this rule of practice is that the master might have allowed the objections, and corrected his report, if errors had been pointed out to him; thus saving the parties unnecessary expense, and the court unnecessary trouble. 2 Daniell, Ch. Pr. (2d Amer. Ed.) 1483; *Church* v. *Jaques*, 3 Johns. Ch. 81; *Byington* v. *Wood*, 1 Paige, 145; *Copeland* v. *Crane*, 9 Pick, 73; *Story* v. *Livingston*, 13 Pet. 359; *Gaines* v. *New Orleans*, 1 Woods, 104; *Gordon* v. *Lewis*, 2 Sum. 143; *Nail Factory* v. *Corning*, 6 Blatchf. 328. So far as the cases of *Hatch* v. *Railroad Co.*, 9 Fed Rep. 856, and *Jennings* v. *Dolan*, 29 Fed. Rep. 861, relax this rule of practice, they are inconsistent with the practice in this circuit, as recognized in the case of *Nail Factory* v. *Corning*. When the correctness of the principal finding of the master—a finding upon the ultimate question of fact referred to him— is controverted, it is hardly to be supposed that an objection to the draft report would have induced him to change his conclusion, and consequently the reason for the rule does not fully obtain; but it is no hardship to the dissatisfied party to require him to state his objections, and, unless the precedents are to be disregarded, he must be deemed to waive any objection which he does not state. If, owing to accident, surprise, or any other sufficient excuse, the objections have not been properly taken before the master, the court may, upon an application showing the facts, recommit the report to the master, and allow the dissatisfied party to make and argue the objections before him, or may permit the exceptions to be filed as though the objections had been properly taken.

The practice thus referred to does not preclude the defendant from being heard upon a question of the correctness of the legal conclusion reached by the master. Where the master, by his report, states the facts correctly, but errs as to the legal conclusion, the party against whom he errs is not required to except to the report, but may bring the question to the attention of the court upon further directions; or, if the report is made pursuant to an interlocutory decree, when the cause comes on to be disposed of by a final decree. 2 Daniell, Ch. Pr. 149. The cause remains under the control of the court until disposed of by a final decree, and until then it can revise the interlocutory decree, or any proceeding in the cause; and it is its duty to correct any error of the master affecting the merits, as well as any error of its own, properly brought to its knowledge. *Wooster* v. *Handy*, 22 Blatchf. 308, 21 Fed. Rep. 51; *Perkins* v. *Fourniquet*, 6 How. 206; *Fourniquet* v. *Perkins*, 16 How. 82. There is nothing inconsistent with these well-settled rules of chancery practice in equity rule 83.

The defendant insists that the master has erred in his conclusion of law that the defendant made gains, profits, and advantage by its use of the patented solvent in the treatment of pyroxyline. The master finds that for a period of several months in the year 1887 the defendant used the patented solvent in the treatment of pyroxyline; that during the same period, and simultaneously, defendant used other solvents for treating pyroxyline; that, owing to a defect in the pyroxyline, its treatment with the various solvents was unsuccessful, and the resulting product was imperfect, and could not be sold at a profit; that the product of the

pyroxyline treated with the patented solvent was of the same quality as that treated with the other solvents; that, if the defendant had not used the patented solvent, he would have used the other solvents in lieu of it for the treatment of the pyroxyline; that, by reason of the less cost of the patented solvent than the other solvents, the defendant saved the sum which he finds the complainant is entitled to recover as profits. From these findings it is apparent that, to the extent the defendant used the patented solvent, the use of the other solvents was superseded in its experiments and operations in treating pyroxyline. The case is therefore one where, by the use of the patented invention, the defendant has been saved a greater loss than it otherwise would have sustained. To this extent it has derived an advantage by the use of the patent. *Railroad Co.* v. *Turrill*, 94 U. S. 695. It follows that the conclusion of the master is correct. If the master erred by an improper rejection of testimony offered by the defendant at the hearing before him, his error was one to be at once corrected by a motion to the court for an order to compel him to receive the evidence, and is not the subject of an exception to his report. *Schwarz* v. *Sears*, Walk. (Mich.) 19; *Ward* v. *Jewett*, Id. 45; *Nail Factory* v. *Corning*, 6 Blatchf. 333.