## GAY MANUF'G CO. *v.* CAMP.

(Circuit Court of Appeals, Fourth Circuit. May 31, 1895.)

### No. 106.

EQUITY PRACTICE—MASTER'S REPORT—EXCEPTIONS.

　No exception to a master's report, based upon matters of fact, should be heard by the court, unless such matters have been brought to the mas-

ter's attention and exception taken before him. Manufacturing Co. v. Camp, 13 C. C. A. 137, 65 Fed. 794, reaffirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

This was a petition for a rehearing of the appeal from the order made upon the petition of William N. Camp and others for the payment to them of certain moneys by the receivers of the Gay Manufacturing Company.    See 13 C. C. A. 137, 65 Fed. 794.

Archibald H. Taylor, for appellant.

Robert R. Prentis, for appellee.

Before FULLER, Circuit Justice, and GOFF and SIMONTON, Circuit Judges.

SIMONTON, Circuit Judge.   We have carefully considered the petition praying a reargument in this case.   We see no reason for granting its prayer.   At the hearing in this court, counsel for appellant presented a full and exhaustive argument covering all the points of the case.   The court came to its conclusion thereon. The gravamen of the objection to the opinion of the court is the suggestion made as to the practice of confining the exceptions to a master's report to the exceptions taken before him.   This suggestion is made on the authority of the decisions of the supreme court and of justices of that court on circuit.   The rule is prescribed in 2 Daniell, Ch. Prac. 1314; and the decisions quoted,—McMicken v. Perrin, 18 How. 507; Gaines v. New Orleans, 1 Woods, 104, Fed. Cas. No. 5,177; to which may be added Cowdrey v. Railroad Co., 1 Woods, 331, Fed. Cas. No. 3,293; Topliff v. Topliff, 145 U. S., at page 173, 12 Sup. Ct. 825,—all made after the adoption of rule 83, which it is insisted changed the rule in Daniell.   The case of Hatch v. Railroad Co., 9 Fed. 856, incorrectly quoted in the petition as 7 Fed., was examined and considered by the court.   "A master is appointed by the court to assist it in various proceedings incidental to the progress of a cause before it, and he is usually employed to take and state accounts, to take and report testimony, to perform such duties as require computation of interest, the value of annuities, the amount of damages in particular cases, and similar services." Kimberly v. Arms, 129 U. S. 523, 9 Sup. Ct. 355.   In other words, he finds all the facts bearing upon the matters referred to him, and reports them to the court, to aid it in coming to its conclusions upon the case made.   To make this aid effectual, all the matters referred should be reported on.   If, in the progress of the references, the parties neglect or omit to bring before the master all the facts bearing upon the matters referred, and necessary to a correct conclusion by the court, they are in default.   And by this default the court is deprived of the aid sought in ordering the reference.   If the master omit or neglect to report all the facts produced before him bearing upon the matters referred, he is in default.   The parties are put to a disadvantage, and the report should be recommitted, unless the parties supply the omission by stipulation.   It is true that in some of the circuit courts a loose practice has grown up, and

exceptions to a master's report are entertained, dealing with facts to which his attention was never called. This practice does not commend itself. It frequently operates a surprise, and it shuts the door to any explanation. It gives room for the display of skill and strategy on the part of ingenious counsel. It may secure success at the expense of right. When there exists a rule of practice, inculcated and approved by recognized authority, it should be followed. To prevent misapprehension, it is best to state that we do not require the conclusions of the master on matters of law to be first excepted to before him. This is unnecessary. 2 Daniell, Ch. Prac. 1314. But we do require that matters of fact upon which exceptions to his report are made be brought to his attention, in order that he might report them. In the case at bar the master was directed "to inquire as to the facts stated in the petition, and to report to the court what amount of money, if any, is due to the said W. N. Camp by reason of the facts stated in the petition, together with any other matter specially deemed pertinent by the master, or required by any of the parties to be so stated. We find in his report the amount claimed by the petitioner, and we find also certain items introduced by respondent as a set-off to his claim, passed on by the master. We cannot discover that the sum claimed as liquidated damages was ever called to his attention, or that he was ever requested to report on it. This court, however, did not dismiss the appellant for not observing this rule, but it followed the course adopted by Justice Bradley in the cases quoted from Woods, and, contenting itself with calling attention to the proper practice, went on, and decided the case as if the objection had been made in the proper time and in the proper place. The court, as constituted, which rendered the decree complained of, have been consulted by the court to whom the petition was addressed. No one of the judges concurring in the judgment desires a rehearing. The motion is denied.