ANNIE E. CEPERO, APPELLANT, v. JOHN E. HARTRIDGE, APPELLEE.

CHANCERY PRACTICE BEFORE A MASTER.

1.  Rule 84 of the Rules of the Circuit Courts in Suits in Equity is to be construed in connection with section 1425 of the Revised Statutes of 1892, and so construed, it is the proper practice for a Master in Chancery to give the respective parties notice when his report is ready to be filed in order that they may make such objections and take such exceptions as they may be advised are necessary in order that they may be in a situation to present them to the court; and it is a further duty of the Master to give notice to the parties of the filing of his report, in order that they may be able to avail themselves of the right of exception given them by said Rule 84.

2.  When the record fails to show that notice was given the appellant of the filing of the Master's report, and there is nothing to show that appellant either expressly or impliedly waived notice, and the record fails to show that the case was set down for hearing as provided in Rules 85 and 86 of the Rules of the Circuit Court in Suits in Equity, and it appears that the cause was finally heard and a final decree made without notice to appellant, the decree appealed from will be reversed.

This case was decided by Division B.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Samuel W. Fox,* for Appellant.

*M. C. Jordan,* for Appellee.

HOCKER, J.   John E. Hartridge, by M. C. Jordan, his solicitor, on February 25th, 1905, filed a bill in the Circuit Court of Duval county to foreclose a mortgage given to him to secure the payment of a note for $200 with interest against Annie E. Cepero (nee Annie Jackson), the maker of the note and mortgage, and George F. Markillie, who was alleged to have or claim an interest in the mortgaged property subordinate to the mortgage lien. Annie Cepero filed an answer, setting up amongst other defenses, part payment.   A replication was filed to this answer and testimony taken by a special master appointed by the court, and orderd to make findings of law and fact.   On the 6th of September, 1905, the special master filed his report in the clerk's office, making findings therein of law and fact, upon which a final decree in favor of the complainant was made by the Circuit Judge on the 9th of October, 1905, decreeing a lien on the mortgaged property for $350.34, principal and interest, and $125.03 solicitors fees.   From this decree an appeal was taken to this court.

There are several errors assigned, among them, that no notice of the filing of said report of said master was given to or served upon the appellant or her counsel of

record, and that the testimony of two witnesses for complainant was taken by the master without notice to the appellant. The record does not show that the cause was set down for hearing as provided for in Rules 85 and 86 of the Rules of the Circuit Court in suits in Equity, nor does the final decree or anything in the record show that the appellant or her counsel had notice of the filing of the master's report or was present when the final decree was made, or that she had notice of the final hearing. Rule 84 of the Rules of the Circuit Court in Suits in Equity does not expressly provide that a master must give the parties notice of the filing of his report, but the proper construction of this rule, which is a copy (except in particulars not necessary to be considerd here) of Rules 83 and 84 of the Rules of Practice for the Courts of Equity of the United States, is to be construed in connection with the law as it existed when the rule was adopted. Section 1425 Revised Statutes of 1892, which is brought into the Revised Statutes from the previous statute, provides: "In the absence of provisions of the law or rules of practice of this State, the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof under the act of Congress of the 8th of May, one thousand seven hundred and ninety-two, shall be rules for the practice of the courts of this State when exercising equity jurisdiction; and when the rules of practice so directed by the Supreme Court do not apply, the practice of the courts shall be regulated by the practice of the high court of chancery of England." This statute was construed by this court in Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653; Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216. The Federal courts, including the United States Supreme Court, seem to hold that the English practice is not abol-

ished by the Equity Rule referred to, and that objections to the findings of a master or rulings by him, must be made before him.   If objections are not made or exceptions taken before the master, a party will not be allowed to except or object afterwards.   Gay Manufacturing Company v. Camp, 15 C. C. A. 226; Topliff v. Topliff, 145 U. S. 156, text 173-174, 12 Sup. Ct. Rep. 825; Celluloid Manufacturing Co. v. Cellonite Manufacturing Co., 40 Fed. Rep. 476; The Troy Iron and Nail Factory v. Corning, 6 Blatchf. (U. S.) 328.   An interesting treatment of the rule for the government of the proceedings before the master may be found in 2 Bates on Federal Equity Proc., sec. 772, *et seq.*   The English rule requires the master to prepare a draft of his report, and to give notice to the parties that the report is ready, in order that they may attend before the master, inspect the report, obtain copies, suggest changes and file objections thereto, for under the English practice after the report has been signed and settled no objections will be received, nor any changes made by the master, and the court will not consider an objection which was not made before the master.   Therefore notice is required to be given the parties that they may have opportunities to object, and have their objections  made of  record before  the report  is signed and settled, and passed beyond the control of the master.   It would seem from some of the cases cited *supra,* that this is the proper proceedure in the courts of the United States, and that the Equity Rule referred to (83) has made no change therein.   It seems to us, however, that while that practice may be proper and unobjectionable, yet that under the rule (84), a party may file his exceptions to a master's report within one month from the time of its being filed in the clerk's office, and

that he cannot be debarred of this privilege by any failure of the master to give him notice and opportunity to object to the report before the time of its filing, or afterwards. Where proper notice of the filing of his report has not been given by the master his report should not be confirmed, and no decree should be entered thereon without the consent of all the parties expressly or impliedly given. In 2 Bates, sec. 772, *supra,* it is said: "It is a fundamental principle of all just and enlightened judicial procedure, that in subordinate courts the parties shall have an opportunity to make objections and reserve exceptions for the purposes of a review in a Supreme tribunal, and this right is secured in the master's office by the most rigid rules which the master cannot disregard without having the report set aside, or referred back to him by the court, with the direction that he observe the regular procedure and respect the rights of the parties by giving them an opportunity to interpose their objections." Inasmuch as our records show a very loose practice in many cases in regard to the appointment of masters and in conferring powers upon them of making findings on the law as well as the facts, as well as in their methods of procedure, we cannot refrain from calling the attention of the profession to the whole of Chapter 30, in 2 Bates on Federal Equity Procedure, which in most respects is applicable to our system.

Because the record fails to show that notice was given the appellant of the filing of the master's report, and there is nothing therein to show that she either expressly or impliedly waived notice, and the cause was apparently heard finally and the final decree made without notice to her, the decree appealed from is reversed at the cost of

28 S. C.

the appellee, and the cause remanded for further proceedings in accordance with law.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.