In the Matter of the Final Accounting of KAYETON KAUTSKY, as Assignee of the Estate of THEODORE AGAZZI, and SYLVESTER PEYSER, under a General Assignment for the Benefit of Creditors.

KAYETON KAUTSKY and THE LAWYERS' SURETY COMPANY OF NEW YORK, Appellants; DRESCHER & SCHLESINGER and Others, Creditors, Respondents.

*Accounting by an assignee for creditors — his failure to file exceptions to a referee's report — right of his surety to except thereto — report set aside for not specifically setting out the items disallowed.*

An assignee for the benefit of creditors, who fails to file exceptions to the report of a referee appointed to take and state his account after due notice of the filing thereof, is not in a position to appeal therefrom.

A surety upon the bond given by such assignee who has been treated as a party to the proceeding, has appeared by attorney therein, has received notice of each formal step and has filed exceptions to the report, due and timely service of which exceptions was admitted by the attorneys for the creditors, who, on their own motion, brought the exceptions to a hearing and sought to have them overruled on the merits, is entitled on appeal to present its exceptions touching the conclusions reached by the referee, notwithstanding such surety did not appear at the hearings before the referee by attorney or otherwise.

*Semble,* that a question which might have been raised before the referee, but was not presented to him, cannot be raised by exceptions filed after his report is made and filed.

A sufficient reason is afforded for the reversal of a decree confirming a referee's report where, in violation of subdivision 29 of rule 6 in the first judicial district, requiring that when any items of an assignee's account shall be disallowed the same shall be fully set out in the report, it is impossible to determine what

particular items make up the amount by which the account is surcharged or the reasons which induced such action on the part of the referee, except by taking up each item and tracing it through the schedules of the account and making a comparison between the list of expenditures allowed and the several schedules and then examining the testimony to see if the referee's rulings may be supported.

Appeal by Kayeton Kautsky, as assignee of the estate of Theodore Agazzi, and Sylvester Peyser, under a general assignment for the benefit of creditors, and The Lawyers' Surety Company of New York, surety on the bond of the said assignee, from a decree of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of June, 1900, confirming the report of a referee appointed to take and state the account of the assignee for the benefit of creditors, and directing distribution of the estate, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 25th day of July, 1900, overruling exceptions to the report of the referee and confirming said report.

*Roger Lewis*, for the appellants.

*Laurence Arnold Tanzer*, for the respondents.

Hatch, J. :

The assignment was made on the 24th day of June, 1895. The inventory and schedules were verified by Sylvester Peyser, one of the assignees, and show the liabilities of the assignors to be $2,527.66, with $3,008.77 nominal assets and $1,354.37 actual assets. The assignee gave a bond pursuant to the statute in the sum of $1,500, which was duly approved by the court, with the Lawyers' Surety Company of New York as surety, and entered upon the discharge of his duties. The assigned estate consisted of picture frames, mouldings and the general goods pertaining to the business of picture framing, and some machinery. The assignee proceeded to convert the stock into money, and to that end completed and made some of the material into frames, purchasing for that purpose merchandise. He sold some of the stock at private sale and the remainder at public sale; collected a part of the outstanding accounts and sold the remainder at auction.

Having marshalled the assets of the assigned estate, the assignee applied to the court for an order permitting him to advertise for claims, which was granted. Subsequently, and on the 11th day of July, 1899, the assignee filed his account of his proceedings as such assignee, and a citation was issued directed to all persons interested in said assigned estate to attend the final settlement of said account. This citation was duly served upon the appellant, the Lawyers' Surety Company of New York, which thereafter appeared in the proceeding by Norwood & Dilley as its attorneys, who served upon the attorney for the assignee a written notice of appearance. On the 6th day of September, 1899, an order was made by the Special Term, by which it was referred to a referee therein named to take and state the accounts of the said assignee, with authority to examine the parties and witnesses on oath, etc., which order recites that it is made upon the appearance and after hearing the attorneys for the Lawyers' Surety Company of New York, among other attorneys for other parties. Hearings were afterwards had before the referee, and certain objections were filed to the account of the assignee, but the appellant, the Lawyers' Surety Company, did not appear at such hearings, by attorney or otherwise, and consequently took no part in the proceedings before the referee. On the 27th day of February, 1900, the referee's report was filed, and notice of filing given, and on May 1, 1900, the appellant, the Lawyers' Surety Company of New York, made, served and filed exceptions to the said report. These exceptions were served upon the attorney for the respondents, who admitted due and timely service of copies and of notice of filing. Thereafter, and on the fifteenth day of May, a motion was made to confirm the report of the referee. This motion was made by the attorney for the respondents herein, and was directed, among others, to the attorneys for the appellant surety company, and recited that the report of the referee and exceptions to said report filed on the 1st day of May, 1900, would be brought to a hearing. Upon the hearing of that motion an order was made and entered overruling the exceptions so filed by the appellant and confirming the report of the referee, with costs and disbursements. And thereafter a final decree was made which recites the filing of the referee's report; the giving of due notice of the filing; the filing of exceptions to the report by the appellant surety company;

the motion for confirmation by these respondents and the giving of notice thereof, among others, to the attorneys for the surety company; the making and entry of an order on the 24th day of May, 1900, substituting said Norwood & Dilley as attorneys for the assignee, and the appearance upon the hearing.

From this decree the appeal is taken by Kayeton Kautsky, the assignee, and by the Lawyers' Surety Company, the surety on his bond, and the notice of appeal also brings up for review the order of June 18, 1900, overruling the exceptions of the appellant surety company and confirming the report of the referee.

It is contended by the respondents that there is no question presented for review by this appeal, and that the appeal should be dismissed for the following reasons, viz., as to the assignee, because no exceptions to the report of the referee were filed in his behalf, and, therefore, he cannot question its correctness; and as to the surety, that it did not appear before the referee and take part in the proceedings, and, therefore, had no right to except to his report; that a party cannot file exceptions to the report of a referee where he had an opportunity to attend and present his case and failed so to do.

After a careful consideration of the questions presented for our determination in this case, we have reached the conclusion that, as to Kayeton Kautsky, the assignee, the appeal must be dismissed upon the ground that, having failed to file exceptions to the report of the referee, the appeal, as to him, presents no question for review. and the report became absolute and stood confirmed without motion.

We cannot, however, reach the same result as to the other appellant, the Lawyers' Surety Company. We think the exceptions filed by this appellant effectual; that it not only had the right to file the exceptions, but that having treated it as a party through the whole proceeding, giving it notice of each formal step, accepting due and timely service of its exceptions, and of notice of the filing thereof, and brought the exceptions to a hearing in the court below on their own motion, not by motion to strike them out or otherwise procure them to be disregarded, but seeking to have them overruled on the merits, the respondents cannot now be heard to claim that it had no standing to file them. It seems to us clear that, under the rules of practice applicable to this proceeding, the surety company had the right, notwithstanding it raised no question before the referee, to

file and have its exceptions to the report considered. It is the rule, as we understand it, that no question which might have been raised before the referee, but which was not raised, can be raised by exceptions filed after the report is made and filed, but this case does not present such question. The exceptions here presented are touching the conclusions reached by the referee and are like exceptions to conclusions of law made to the report of a referee after trial of the issues in an action. Such questions cannot, and could not, in this case be raised before the referee, because it could not be anticipated what the conclusions of law or fact would be.

Before proceeding with the discussion it will be well to show what the relation of the assignee's surety is to this proceeding. The statute as to assignments for the benefit of creditors provides that the assignee shall give a bond " conditioned for the faithful discharge of the duties of such assignee and for the due accounting for all moneys received by him." (Laws of 1877, chap. 466, § 5).

It has been held that such an undertaking extends not merely to the rendering of an account of the moneys in his hands, but also to the making of distribution according to the terms of any lawful decree on final accounting. ( *Van Slyke* v. *Bush*, 123 N. Y. 47.) The bond given by the assignee in the matter before us was in compliance with this provision of the statute, and it is, therefore, evident that the surety in such a case is always a proper party to an accounting, and the statute (Genl. Assignt. Act, *supra*, § 13) provides that a citation " to all parties interested must be served on all parties * * * including assignors, assignees and their sureties," thus making the surety a necessary party to the proceeding. In the present case the citation was issued pursuant to this section, and it was served upon the appellant surety company, which appeared by attorney upon the return of the citation, as clearly appears by the order of reference. From this time until the report of the referee was made and filed, the record does not disclose that the surety company appeared at or took any part in the hearings before the referee, but we do not think this fact prohibits their intervention by exceptions to the report.

The present mode of reviewing a report on exceptions is in all respects similar to the former practice in Chancery, the 39th rule of the Supreme Court (present rule 30) providing that, after the filing

of the report with the clerk the same shall become absolute and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after the service of notice of filing the same. (3 Wait Pr. 384; *Ketchum* v. *Clark*, 22 Barb. 319.) Rule 30 of the General Rules of Practice applies to reports of referees appointed on final accountings of assignees. (*Matter of Scheu*, 10 Daly, 11; *Matter of Guardian Savings Institution*, 9 Hun, 267.)

Exceptions to the report of a referee on an interlocutory reference, or on a reference of the whole issues, may be taken by any party to the suit who is interested in the matter in controversy. (3 Wait Pr. 385, 386; 2 Daniel Ch. Pr. 1311.)

Counsel for respondents calls our attention to two cases under the old Chancery practice, which he contends establish the rule " that a party cannot file exceptions to the report of a referee where he had an opportunity to attend and present his case to the referee and failed to do so." (*Methodist Episcopal Church* v. *Jaques*, 3 Johns. Ch. 77, 80; *Byington* v. *Wood*, 1 Paige, 145, 146.)

While these cases do hold what counsel contends for, we nevertheless construe them both as authorities against his position. *Methodist Episcopal Church* v. *Jaques* was an action for an accounting, and the court, having by decree settled the principles on which an account was to be taken between the parties, made an order of reference to a master, to take and state the accounts according to the direction contained in the decree. After many hearings, extending over a long period of time, the master made his report, to which exceptions were filed, and the cause was brought to a hearing on such exceptions. The chancellor decided each exception separately, allowing nearly all of them. In his decision upon the third exception, which he states was to the "mode of accounting before the master," he says it is a sufficient answer to it "that it was not taken before the master;" and further says that it would be oppressive and render cases of reference a grievous burden, if a party might be permitted to lie by with an objection of that kind until the accounts had been taken, after a tedious and expensive investigation. It is manifest that this language has no application to the present case. It is true that any exceptions to the "mode of accounting," or which seek to raise questions which might have been raised before the

FIRST DEPARTMENT, DECEMBER TERM, 1900. [Vol. 56.

master, but were not, cannot be raised for the first time by exceptions to the report on behalf of a party who had the opportunity to be heard. It is equally manifest, as already pointed out, that the application of the rule, as contended for by respondents, would prevent the taking of any exception by any party, whether he had appeared before the referee or not, presenting a question not raised before the referee, and that the rule enunciated by the court in the case under consideration does not apply to the conditions presented by the case at bar. If it had, the court certainly could not have allowed the many exceptions in that case which it did, for the questions presented by them could not, from the very nature of them, have been raised before the master, for they raised questions relating to his findings and conclusions which could not have been known until his report was filed.

The case of *Byington* v. *Wood* (*supra*) came before the court upon a hearing upon exceptions to an answer under the old Chancery practice. The defendant did not appear before the master on the reference to argue the exceptions to the answer, but filed exceptions to the master's report. The court says (pp. 145, 146) : " The whole benefit of the reference to a master in the first instance will be lost, if the parties are not compelled to appear and litigate the matter before him. \* \* \* This court will not permit any exceptions to be taken to a master's report which are not founded on objections distinctly made, and urged upon the consideration of the master," citing a number of authorities. But it appears from that decision that, on a reference of exceptions to an answer, the master makes no draft of his report, but the whole matter is argued before the master in the first instance. It thus appears that there was a distinction in the Chancery practice between a reference of exceptions to an answer and a reference to a master to take and state an account. This distinction is clearly made in this decision, for the chancellor says (p. 146) : " In the case of an ordinary reference to take an account the objections to the report are to be made and argued after the master has prepared the draft of his report ; and in such cases objections may be taken by a party who has not previously appeared before the master. (Howard's Equity Side, 40.) But he cannot introduce any new matters in evidence to support such objections."

This seems to us effectually to answer the objections of the respond-

ents to the consideration of the exceptions filed by the appellant, the Lawyers' Surety Company; and to clearly show their right to have the questions raised thereby reviewed.

Having reached the conclusion that the questions at issue are properly presented by the exceptions filed by the surety company, we are required to see if they raise any question calling for a reversal of the order confirming the report of the referee and the decree entered thereon. An examination of the record and the report of the referee discloses the fact that it is impossible with any degree of certainty to ascertain how the result was reached by the referee in surcharging or falsifying the account of the assignee to the extent which has been done. Subdivision 29 of rule 6 of the first district (Cumming & Gilbert's Ct. Rules, 247) requires that when any items of the account shall be disallowed the same shall be fully set out in the report. This clearly means that the items disallowed shall be fully stated and set out. This rule has been entirely disregarded in this case, and although the account is surcharged or falsified to the amount of about $800, it is utterly impossible to determine what particular items made it up, or the reasons which induced the action. In order to ascertain how this conclusion has been arrived at it would be necessary to take up each item, trace it through the schedules of the account, and make a comparison between the list of expenditures allowed and the several schedules, and then examine the testimony to see if they may be supported. The reason for the adoption of this rule was to obviate such a condition, and there is no reason why this labor should be imposed on this or any other court.

We are presently unable to determine with accuracy whether the report is right or wrong. It does appear, however, that the referee has refused to allow a considerable number of disbursements, among which is an item of $125, paid to the attorney for the assignee for services covering a period of three years. There is nothing in the evidence or in the circumstances of the employment which seems to justify a rejection of this item, and it is more than probable that some other disallowances are equally bad.

It is evident, therefore, that the case is one where the observance of the rule should be insisted upon, and as it is evident that error was committed to the extent we have indicated, a sufficient reason

appears for the reversal of the decree and sending the matter to another referee.

The decree should, therefore, be reversed and the report of the referee be set aside, together with the order of confirmation, and the matter sent to another referee to take and state the account, with costs to the appellant to abide event.

O'BRIEN and McLAUGHLIN, JJ., concurred.

VAN BRUNT, P. J.:

I concur in the result. I think that by receiving and accepting exceptions of the surety company, and the hearing thereon before the court without objection, the respondent waived his right to object to their consideration here.

INGRAHAM, J., concurred.

Decree reversed and report of referee set aside, together with the order of confirmation, and the matter to be sent to another referee to take and state the account, with costs to the appellant to abide event.