## POTTS *v.* CITY OF ATLANTA.

1. Where a municipality seeks to condemn an easement for the construction of a sewer, and desires to appeal from the assessors' award, under the Civil Code, § 5228, the appeal is duly entered upon the city's filing with the clerk of the superior court, within the statutory time, a bond for the eventual condemnation-money, containing a recital of the proceedings and the result thereof, and of a desire to appeal from the award to the superior court.

(a) Such a bond may be executed and the appeal entered by the attorney at law of the city.

(b) Corporate municipal action is not necessary to authorize the appeal.

2. That a judgment does not follow, or is not authorized by, the verdict upon which it is entered is not a good ground of a motion for a new trial.

3. Where it is sought to condemn an easement of sewer on private property for public use, the landowner is entitled to recover damages for the property actually taken, and, in addition thereto, such damages to the remainder of the lot as flow from the construction of the sewer. The excerpts from the charge to which exception is taken, when considered in their relation to the whole charge, did not encroach upon or narrow this legal principle.

4. Other grounds of the motion are without merit.

			JULY 19, 1913.	REHEARING DENIED AUGUST 14, 1913.

Appeal from condemnation. Before Judge Pendleton. Fulton superior court. May 31, 1912.

*Walter R. Brown,* for plaintiff in error.

*James L. Mayson* and *William D. Ellis Jr.,* contra.

EVANS, P. J.   The City of Atlanta proposed to construct a trunk sewer across the rear of the property of Mrs. Henry Potts, a distance of 404 feet.   Being unable to agree upon the amount of damages resulting from its construction, the city proceeded under the statute to condemn the property.   The majority of the assessors awarded to Mrs. Potts the sum of $1,500 as the value of the easement upon the land actually used in the construction of the sewer, and $3,000 as consequential damages to the balance of the property. One of the assessors dissented.   An appeal was taken to the superior court by the city, and on the trial of the case a verdict was returned against the city for the sum of $262.50.   Mrs. Potts moved for a new trial, which was refused.

1.   A motion was made to dismiss the appeal, on the grounds, that no exceptions were filed to the award by the city and no demand for an appeal; that the bond was signed by the assistant city attorney, who was without authority to sign it; and that no appeal could be taken by the city without corporate action.   In the matter of an appeal from the award of assessors in a condemnation proceeding, the statute provides that "in case either party, or representative of either party, is dissatisfied, he or they shall have the right, within ten days from the time the award is filed, to enter in writing an appeal from the award to the superior court of the county where the award is filed."   Civil Code, § 5228.   No particular form of entering an appeal is prescribed by the statute.   The general provisions applicable to appeals from inferior courts to the superior court provide that an appeal may be entered by the plaintiff or his attorney, but the appellant shall, previously to obtaining such appeal, pay all costs which may have accrued, and give bond and security for the eventual condemnation-money.   Civil Code, §§ 5002, 5003.   The statute does not require that the entry of an appeal be made by a separate writing.   An appeal to the superior court is duly entered where a party within the time prescribed by the statute pays the costs and executes and files a bond in terms of the statute, containing the recital of the judgment and a desire to appeal therefrom to the superior court.   Ordinarily an affidavit of the appellant's inability to pay costs and give bond is a legal excuse for not paying the cost and giving the bond, but such affi-

davit in forma pauperis must be filed within the time for entering an appeal. In the case at bar, within ten days from the filing of the award of the assessors the city paid the accrued costs and filed an appeal bond duly approved by the deputy clerk, conditioned to pay the eventual condemnation-money. This bond contained the recital that the city undertook to condemn an easement for the construction of a sewer over a described lot of land belonging to Mrs. Potts, and that the majority of the assessors made an award that Mrs. Potts would be damaged in the sum of $4,500 by the construction and maintenance of the sewer, with which award the city was dissatisfied, and desired to appeal therefrom, as provided by law, to the superior court. The filing of this bond within ten days from the time the award was filed was a sufficient entry of an appeal. The bond was signed by the city's attorney. The statute expressly authorizes an attorney at law to enter an appeal, and also sign the name of his principal to the bond.

We know of no law which requires a corporation to take corporate action with reference to each step in a lawsuit to which such corporation is a party. A corporation which duly appears by an attorney impliedly authorizes such attorney to take all necessary steps to conduct the litigation to a conclusion.

2. One ground of the motion was that the decree in the case did not follow the verdict. There was no direct exception complaining of any variance between the verdict and decree. A motion for new trial reaches the errors in the finding of the jury, or such errors of the court as may lead to the finding, but is not the proper method of correcting errors in a decree or judgment. *First State Bank* v. *Carver,* 111 *Ga.* 876, (2) 877 (36 S. E. 960).

3. There was evidence that there was a spring on or near the property sought to be occupied by the construction of the sewer, and that the taking of the particular strip of land would destroy or materially injure the spring, which would result in a consequential damage to the remainder of the property. The movant carves out two excerpts from the charge, which are not in juxtaposition, as follows: "If you find that there is a spring on that property through which the easement goes, you would have the right to consider that in connection with the value of the property; but you do not determine what the spring is worth and give any damage to Mrs. Potts for the value of the spring. The question is,

28

what is the land worth, the 6 feet of land, or any other number of feet which the city seeks to obtain; what is the value of that land, with the spring on it, or anything that is on it, and what damage does the city do by constructing a sewer through there—the easement that the city undertakes to establish by putting a sewer through that strip of land? The damage to that strip of land by the easement is the thing that she has a right to recover." And "If the spring is not on the strip of land through which the easement goes, but is on the other land adjacent thereto, belonging to Mrs. Potts, then Mrs. Potts could recover, not the mere damage to the spring, but any damage to the market value of the property on account of the sewer and whatever the sewer 'did, whatever the construction of the sewer accomplished; if it has affected the market value of the balance of the land, or lessened it, she is entitled to recover. If it has not lessened it, she is not entitled to recover. But, as I stated to you before, if the spring is on the strip through which the city seeks an easement, you look to the value of that strip as it was, and you determine what is the damage to that strip by reason of putting the sewer through, and that damage Mrs. Potts would have the right to recover, without any set-off; so that, to make it a little plainer, gentlemen, it is a question of damage without any set-off on the question of easement, but on the question of damage to the balance of the land it is a question as to whether its market value has been affected, and, if so, whether it is detrimental, and how much it is detrimental to the market value." It is complained that these excerpts limited a consideration of the value of the spring, if located on the land actually taken, as affecting the land actually taken, or, if located on the land not taken, as affecting the land not taken, and were too restrictive in scope, inasmuch as they excluded from the computation of damages the value of the spring, if located on the land actually taken, in its relation to the value of the whole property. In other places in the charge the court instructed the jury that the landowner was entitled to be compensated for the value of the land actually used for the construction and maintenance of the sewer, without any deduction, and that in addition thereto the landowner was entitled to be reimbursed for any consequential damage to the remainder of the property, resulting from the construction of the sewer. When the charge is taken as a whole, we do not think that the court could

have been understood by the jury as instructing them that if the spring was located on the land actually taken up by the sewer, the effect of its destruction or material injury could not be considered in arriving at the consequential damage to the remainder of the property.

4. The instructions on the subject of the preponderance of evidence, and on the form of the verdict given to the jury, are not open to the criticism made of them. There was evidence sufficient to uphold the verdict, which has the approval of the trial judge.

*Judgment affirmed. All the Justices concur.*