MORRISON *et al v.* COLQUITT COUNTY *et al.*

No. 9107.   DECEMBER 14, 1932.   REHEARING DENIED JANUARY 14, 1932.

*Hoyt H. Whelchel* and *L. L. Moore,* for plaintiffs.
*P. Q. Bryan,* for defendants.

HILL, J.   R. M. Morrison and Ella Bell Carlton brought their equitable petition against the members of the board of commissioners of Colquitt County, the State Highway Board of Georgia, and others, to restrain the defendants from entering on certain described land for the purpose of grading a road, and to cancel a deed to the right of way made by the petitioners, on the ground that the deed was procured by fraud and misrepresentations made by the agent of the defendants, to the effect that all parties along the right of way for the proposed road had agreed to donate the right of way through their lands, except one or two parties, who were merely being delayed in making deeds because of certain minor preliminaries. It has developed, since the deed was made by the plaintiffs to the defendants (which deed was executed on a named consideration of $1 and the benefits to be derived from the construction of a paved highway through their property), that the representations made by the agent that others were making deeds with-

out consideration were false, that the county was paying for the land secured as much as $75 per acre, one party being paid $325, another over two thousand dollars, and that several parties had refused to deed their property and condemnation proceedings were instituted.

The defendants demurred on the ground that the petition does not set out a cause of action; that petitioner has an adequate remedy at law; that there is no allegation that either of the defendants is insolvent; and the petition shows on its face that the damages are not irreparable. The defendants also filed an answer, in which it is specifically averred that all rights of way on the road project have been secured; that the plaintiffs are not entitled to any compensation; that all fences have been moved back on plaintiffs' land to the edge of the 100-foot right of way; and that all of the land described in the right of way deed is in the public road outside of plaintiffs' property and fence, and is in possession of the defendants.

On the hearing the evidence with reference to false representations having been made in order to secure the deed from the plaintiffs was conflicting.

The trial judge ordered that the interlocutory injunction theretofore granted be dissolved, and that the general demurrer be sustained. To this judgment the plaintiffs excepted.

Did the petition in the present case set out an equitable cause of action? If it did not, the court was correct in sustaining the demurrer and in dismissing it, and all that transpired subsequently was nugatory. It is alleged in the petition that the defendants perpetrated a fraud upon the plaintiffs in procuring the deed to the right of way in controversy, and it was prayed that the deed be set aside and canceled. It appears from the petition that the defendants desired a right of way through the lands of the plaintiffs, in order to lay out, grade, and pave a highway for the public; that the defendants represented to the plaintiffs that other landowners through which the right of way was to be procured had given the right of way through their lands, with one or two exceptions, and that to construct the highway would inure to the benefit of the plaintiffs. All of these statements could have been verified by the plaintiffs upon inquiry, and nothing is alleged in the petition to show that there was any emergency in which the plaintiffs were re-

quired to act, and to keep them from ascertaining whether the facts as alleged were true or false. It is not alleged that by reason of any false or fraudulent representations the plaintiffs were denied the right to make the investigation and ascertain for themselves whether the representations were true or false. It has been held that a sale of land will not be vitiated by a mere false assertion of the vendor as to the quality and value thereof, where the buyer has full opportunity of forming a correct judgment and is not prevented by the artifice of the seller from making the necessary examination, especially where the rescission is not applied for within a reasonable time after the alleged injury is discovered. *Tindall* v. *Harkinson,* 19 *Ga.* 448. In *Allen* v. *Gibson,* 53 *Ga.* 600, 601, it was said, that, where a defendant acted upon the representations of the plaintiff when he had an opportunity of examination, "he has no one to blame for his credulity and folly but himself; the courts will not relieve him." And in *Slone* v. *Moore,* 75 *Ga.* 565, it was held: "Where to a suit on certain promissory notes a plea was filed, alleging that the notes were given for the purchase-money of land, and that the consideration had wholly failed, because the vendor represented the land to be fertile, to have a spring on it, and to be covered with hickory wood, all of which was false, such plea was properly stricken on demurrer, . . it not appearing that the purchaser was deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor." And see *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Collier* v. *Harkness,* 26 *Ga.* 362 (71 Am. D. 216); *Fuller* v. *Buice,* 80 *Ga.* 395 (6 S. E. 17); *Martin* v. *Harwell,* 115 *Ga.* 156 (3) (41 S. E. 686); *Falkner* v. *Lane,* 58 *Ga.* 116. A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed sought to be canceled on account of the alleged fraud on the part of the vendee. In *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604), it was held that a petition seeking recovery for fraudulent misrepresentations was demurrable for failing to disclose an emergency or condition authorizing plaintiffs to rely upon the false representations without themselves examining the leases purchased; that since they had an opportunity to do so, and

did not avail themselves thereof, they were not entitled to complain of the deception which they alleged was practiced upon them, and the petition did not show that either they had no such opportunity or that they were prevented by the fraud or deception of defendants from examining the leases purchased from defendants. And see *Wellmaker* v. *Wheatley*, 123 *Ga.* 201 (2) (51 S. E. 436), on the question of mutual covenants.

We reach the conclusion that the court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

GILBERT, J., concurs in the result.