### BROWNING *v.* RICHARDSON *et al.*

No. 10763. NOVEMBER 13, 1935.

*Hewlett & Dennis* and *T. F. Bowden,* for plaintiff.

414

*Arnold, Gambrell & Arnold, Harold Hirsch, Marion Smith,* and
*A. S. Clay,* for defendants.

HUTCHESON, Justice.    S. H. Browning filed his petition against
Hugh Richardson and Fulton National Bank, and alleged substan-
tially as follows:    About April 8, 1933, petitioner went to the
office of Richardson and talked to him about buying certain land
fronting on the Chattahoochee River.    Richardson said he would
not sell unless petitioner would buy the whole tract of 45 acres;
he assured petitioner that the property extended to the river, and
that he had clear title except for certain rights of the Georgia
Power Company; that he had had the title examined, and it was
unnecessary for petitioner to pay a lawyer to make any examina-
tion.    A contract was entered into, and Richardson executed his
deed to petitioner, and he paid to Richardson $1000 and executed
his notes for $9000, secured by a loan deed.    Richardson trans-
ferred the notes and loan deed, without recourse, to Fulton Na-
tional Bank.    Petitioner paid $2500 to the lessee of the land in
order to get prompt possession, and spent $9000 in improving the
property.    The deed made by Richardson, which is attached to the
petition as an exhibit, contains the following clause:    "There is
excepted from the above description that portion covered by deed
of J. H. Power to F. W. Montgomery, dated February 12, 1902,
and recorded in deed vol. GG, page 288, together with all the water
rights and privileges mentioned in said deed."    About May 1,
1934, petitioner ascertained that Richardson did not, when the
deed was made, have title to the property along the river bank and
to 12 acres owned by the Georgia Power Company.    Petitioner was
induced to purchase said property and to pay out the sums of
money by the representations of Richardson concerning his title,
and he purposely concealed the facts from petitioner.    Before this
suit, petitioner demanded a rescission of the contract, a refund of
his money, and a cancellation of his notes.    The bank purchased
the notes without knowledge of Richardson's misrepresentations
and deficiency of title.    The prayer is for judgment against Rich-
ardson for all the money the petitioner has paid out; that Richard-
son be made the primary obligor on the notes held by the bank;
that he be enjoined from changing the status of any property he
now owns; that all instruments be declared void and canceled;
and for general relief.

Richardson filed general and special demurrers on numerous grounds. Petitioner amended by referring to a blueprint of the property, and by alleging that when he saw the above-quoted clause in the deed to him, he inquired about it, and Richardson told him that the deed excepted only land already covered by the waters of the Chattahoochee River; and that petitioner did not attach copy of the deed, because he was "not declaring upon said deed nor did he ever see said deed," and relied solely upon the statements and assurances of Richardson. The demurrers were sustained, and the petition dismissed; and petitioner excepted.

We consider it necessary to discuss but one or two principles of law which are apparent from a reading of the petition, in order to show that the judgment sustaining the demurrers was correct. As was said by Russell, C. J., in *Feingold* v. *McDonald Mortgage & Realty Co.*, 166 *Ga.* 838 (145 S. E. 90), "it is well settled in Georgia that equity will grant no relief in favor of one who buys land, when he fails to exercise any diligence for his protection, and asserts that he blindly relied on the representations of the seller as to matters of which he could have informed himself. . . So it can not be said that the purchase originated in fraud so much as in the carelessness of the purchaser to exercise ordinary care for his own interest." In the case at bar, the purchaser states in his petition that he relied upon the statements of the seller entirely, and bought property at a price of ten thousand dollars, without an examination of the title, or making inquiry as to the correct acreage or measurements. He alleges further that he went to the office of the seller to talk to him about purchasing the property, and he nowhere alleges that any fiduciary relation existed between them. "A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed sought to be canceled on account of the alleged fraud on the part of the vendee." *Morrison* v. *Colquitt County*, 176 *Ga.* 104 (167 S. E. 321). The same rule applies where the vendee, under similar conditions, seeks cancellation of an instrument. The rule was well stated in *Arthur* v. *Brawner*, 174 *Ga.* 477 (163 S. E. 604), where it was held that a petition seeking recovery for fraudulent misrepresentations was de-

murrable for failing to disclose an emergency or condition authoriz- ing plaintiffs to rely upon the false representations without themselves examining the instruments purchased; that since they had opportunity to do so, and did not avail themselves thereof, they were not entitled to complain of the deception which they alleged was practiced upon them.

One other feature of the instant case is worthy of note, and that is succinctly stated in the court's order, as follows: "The court does not consider that sufficient allegations of artifice are made to excuse the petitioner from examining the deed from Power to Montgomery, and without which the petition can not be maintained." This deed was referred to specifically in the deed from the vendor to the vendee, as excepting certain portions of the property conveyed. Here we have a vendee accepting a deed with a reference therein to another deed, such reference giving the book and page where recorded, excepting part of the property he is buying; and if he does not examine the deed referred to, but accepts the representations of the vendor as to what it contains, he does so at his own peril. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*