PRINCE ·v. FRIEDMAN *et al.*

No. 15699.   APRIL 17, 1947.

*Cumming, Nixon & Eve,* for plaintiff.

*Max Rubenstein, Maurice Steinberg,* and *Curry & Curry,* for defendants.

CANDLER, Justice (After stating the foregoing facts.) ■ We deal first with the prayer for reformation. We need not cite authority for the proposition that the courts do not make contracts for parties, but will aid in their enforcement. In *Lewis* v. *Foy,* 189 *Ga.* 596, 601 (6 S. E. 2d, 788), this court very wisely said: ".It is essential to all business relationships that the validity . . of written contracts, freely and voluntarily executed, be upheld. It would be tragic if all such contracts were jeopardized by a rule of law that would permit one of the parties thereto, because of dissatisfaction therewith, to go into court and by oral testimony establishing conduct short of fraud and reasonable diligence obtain nullification of a written contract." A mistake, either of law or fact, is cognizable in equity and affords a remedy therein by reformation of the instrument so as to make it express the true intention of the parties on a proper cause being made, but such a jurisdiction will always be cautiously exercised, and to justify it the evidence must be clear, unequivocal, and decisive. Code, § 37-203; *Wyche* v. *Greene,* 11 *Ga.* 159; *Ligon's Administrators* v. *Rogers,* 12 *Ga.* 281; *Wyche* v. *Greene,* 16 *Ga.* 49; *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402) ; *White & Hamilton Lumber Co.* v. *Foster,* 157 *Ga.* 493, 500 (122 S. E. 29) ; *Deck* v. *Shields,* 195 *Ga.* 697 (25 S. E. 2d, 514) ; *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693 (38 S. E. 2d, 534). A court of equity will reform a contract of sale when, from mutual mistake or mistake common to both parties, an instrument does not express the true agreement of the parties. Equity will also reform an instrument where there is mistake on one side, and fraud or inequitable conduct on the other. *Reese* v. *Wyman,* 9 *Ga.* 430; *Wyche* v. *Greene,* 26 *Ga.* 415; *Venable* v. *Burton,* 129 *Ga.* 537 (59 S. E. 253) ; *White & Hamilton Lumber Co.* v. *Foster,* supra; *Gibson* v. *Alford,* 161 *Ga.* 672, 682 (2) (132 S. E. 442) ; *Hunnicutt* v. *Archer,* 163 *Ga.* 868 (2) (137 S. E. 253) ; *Lynch Enterprise Finance Corp.* v. *Realty Construction Co.,* 176 *Ga.* 700 (168 S. E. 782). In the very recent case of *Yablon* v. *Metropolitan Life Insurance Co.,* supra (page 704), this court said: "But equity will not decree the reformation of an instrument because of mistake of one of the parties alone unmixed with any fraud or knowledge on the part of the other equivalent

to mutual mistake. For a mistake to be relievable in equity by reformation, it must be mutual, or else mistake on the part of one to the contract and fraud on the part of the other." There is no contention here that the alleged mistake resulted from any fraudulent practices. On the contrary, it is expressly stated that the attorney who secured the information for the contract, and who prepared it, acted "in entire good faith in a conscientious effort on his part to ascertain the true facts and exact amounts involved so as to conclude the sale under the terms agreed to." Hence reformation may not here be granted because of fraud on one side and mistake on the other.

It is contended, however, that the contract contained such a mutual mistake, both as to the amount invested and the outstanding obligations of the business, that reformation should be granted. With respect to this contention what does the record show? The seller voluntarily and unconditionally advised the attorney who was engaged to obtain the necessary information for the preparation of the contract of the amount invested. This was accepted and relied upon by him to be true. This information was given within a week after the business was opened, and if the amount invested was incorrect, it was the mistake only of the seller, as the attorney did not profess to know this fact and by no other means sought to ascertain it. The petition, therefore, fails to show any mutual mistake as to this item. But what of the outstanding obligations? The petition alleges that certain items of indebtedness were by mistake omitted from the written contract. It fails, however, to allege that the opposite party or its attorney ever had any knowledge of them. There is no allegation contained in the petition that the items of indebtedness now in question, while known to the opposite party or its counsel, were omitted from the contract because of any misplaced confidence. The petition admits that the plaintiff does not now know what his obligations are. Mistake of fact presupposes some knowledge thereof. Lack of knowledge or ignorance of a fact is not the same as mistake. *Langston* v. *Langston,* 147 *Ga.* 318 (93 S. E. 892). Lack of knowledge or ignorance implies a total want of knowledge in reference to the subject-matter; mistake admits knowledge, but implies a wrong conclusion. 4 Words & Phrases, 3387. Mere ignorance of a fact does not justify reformation. Code, §§ 37-210;

96-210; *Orient Insurance Co.* v. *Dunlap,* 193 *Ga.* 241, 247 (17 S. E. 2d, 703, 138 A. L. R. 916). In *Langston* v. *Langston,* supra, this court held that, where the contract covers the items understood by the parties at the time they contracted, it may not be reformed as to matters then unknown. "Unquestionably it is true that, to enable a court to reform an agreement evidenced by writing on the ground of mistake, it must affirmatively appear that the mistake was common to both parties, and that the writing as executed expresses the contract as understood by neither." *Werner* v. *Rawson,* 89 *Ga.* 619, 625 (15 S. E. 813). As the petition related to these items, we think that it failed to show a proper cause for reformation. Consequently, from what has been said it was not error to sustain the general demurrer to the first count of the petition.

■ It is contended that, if the contract here involved may not be reformed on the ground of mutual mistake, then the complaining party should be permitted to rescind it on restoration of what he has received under it; and that, with this in view, the court should appoint an auditor and require an equitable accounting. After having carefully examined the petition as amended, we have reached the very definite conclusion that, if any items were omitted from the written contract which were intended to be a part thereof, the failure to include them resulted not from mistake, but ignorance attributable to a failure to exercise ordinary diligence. In view of the fact that so many business transactions are handled through the medium of written contracts, the courts should be extremely cautious in the exercise of the power of rescission and should never grant it except where the right thereto is clear. It is the duty of contracting parties to inform themselves with reference to the subject-matter about which they desire to contract. The courts cannot do this for them. It is well-settled law in this State that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of. *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321); *Browning* v. *Richardson,* 181 *Ga.* 413 (182 S. E. 516). Ignorance of fact will not justify the rescission of a contract. Code, § 96-210; *Abbott* v. *Dermont,* 34 *Ga.* 227; *Keith* v. *Brewster,* 114 *Ga.* 176 (39 S. E. 850). Ignorance, as the term is here used, means a lack of knowledge concerning a subject-matter, a failure

to inform oneself; and results directly from negligence. In the instant case we think that the allegations of the petition, as amended, clearly show that the contract spoke the agreement of the parties, informed as they were, at the time of its execution. If any items were omitted, this was due to the plaintiff's failure to exercise that degree of diligence required of him under the circumstances, and by his own conduct he places himself beyond the reach of equitable interference. Consequently, the second count of the petition states no cause of action for relief by rescission.

■ It is contended in the first count that the contract should be reformed because an inventory of the goods, wares, and merchandise conveyed by the bill of sale was not attached to the contract as provided therefor; and in the second count that the contract should be rescinded for the same reason. There is no allegation in either count that the inventory was incorrect or that the seller was not paid for all of the merchandise reflected by the inventory. In these circumstances, we think that the failure to attach it as an exhibit is not so material as to authorize either reformation or cancellation.

■ Since we have held that the first count of the petition stated no cause of action for reformation, it necessarily follows that the petition likewise failed to state a cause of action for the recovery of that sum of money which would have been due had the contract been reformed as prayed.

*Judgment affirmed. All the Justices concur.*