*E. R. Lambert, Hardin & Lynn, Walton Hardin*, contra.

### 19170. PHILLIPS v. HAYES.

CANDLER, Justice. On October 31, 1938, Mrs. Mittie Amelia Phillips, for a recited consideration of $5, conveyed to her mother, Mrs. M. Lebraska Hayes, 45 acres of land in Gwinnett County, Georgia. The grantee had the deed recorded on November 4, 1952. The grantor on December 12, 1952, brought a suit against the grantee to cancel it. Her petition in substance alleges that she and her mother jointly and equally acquired the land under the will of Melvin A. Corbin, who was the father of her mother; that she executed the deed because her mother stated to her that this was necessary to probate the will of her grandfather; and that she relied on the representation of her mother as being true, since she did not know the legal effect of a deed. The defendant's answer denied that she made the representation alleged in the petition, and averred that her father, Melvin A. Corbin, owed certain debts at the time of his death; that the plaintiff stated to her that she could have the plaintiff's interest in the land if the defendant would pay her grandfather's debts, and she accepted this proposition; that the plaintiff conveyed her interest in the land to the defendant, and the plaintiff at that time knew and understood the nature and effect of the deed she executed; and that, after the deed was signed and delivered to the defendant, she paid the debts of her father.

The following undisputed facts appear in the record: When the plaintiff executed the deed in question, she was 25 years old and had married about a year before the death of her grandfather. She had partly finished the eighth grade in school. The defendant had very little education, much less than the plaintiff. The deed in question was written by the plaintiff and witnessed by W. H. Freeman and W. M. Wages, a notary public, who was a relative of the parties to the deed. The witnesses to the deed died before the trial. The plaintiff testified that she was certain Mr. Wages would not be a party to any fraudulent act concerning her. After the deed was signed by the grantor, it was delivered to the grantee and has been in her custody since. The plaintiff and her husband rented the land in question from the defendant for three years immediately following the date of the deed, and paid one-half of the crops produced as rent. They moved away from the farm during the latter part of 1941,

and the defendant and her tenants have been in possession of it since then. The debts due by Melvin W. Corbin's estate were paid in full by the defendant. The plaintiff has known for several years that the defendant was claiming the land under the deed executed in 1938. The plaintiff testified: "I guess I was blind in trying to give the place to my mother."

At the close of all the evidence, the defendant moved for a directed verdict in her favor, on the ground that such a verdict was demanded by the evidence. The motion was denied. The jury returned a verdict in favor of the plaintiff. The defendant in due time moved for a new trial on the usual general grounds. Pursuant to an act which the legislature passed in 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 440), and within the time allowed thereby, she also moved for a judgment notwithstanding the verdict, and her motion was granted. The exception is to that judgment. *Held*:

Neither equity nor law will assist those who neglect to take care of themselves. *Marshall* v. *Means,* 12 *Ga.* 61 (5), 56 Am. D. 444; *Smith* v. *Rogers,* 144 *Ga.* 576 (87 S. E. 772). Equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of. *Prince* v. *Friedman,* 202 *Ga.* 136 (42 S. E. 2d 434); *King* v. *Rutledge,* 208 *Ga.* 172 (65 S. E. 2d 801). Equity requires diligence in the protection of one's own rights. Code § 37-211; *Loyd* v. *Loyd,* 203 *Ga.* 775 (48 S. E. 2d 365). Equity favors the diligent and not those who sleep on their rights. *Michael* v. *Poss,* 209 *Ga.* 559 (74 S. E. 2d 742). Equity will not aid in the enforcement of stale demands. Code § 37-119. In *Lewis* v. *Foy,* 189 *Ga.* 596, 601 (6 S. E. 2d 788), this court said: "It is essential to all business relationships that the validity and solemnity of written contracts, freely and voluntarily executed, be upheld. It would be tragic if all such contracts were jeopardized by a rule of law that would permit one of the parties thereto, because of dissatisfaction therewith, to go into court and by oral testimony establishing conduct short of fraud and reasonable diligence obtain nullification of a written contract." Applying these well-established principles of law to the evidence in the instant case, it is clear to us that a verdict for the defendant was demanded by the evidence; and this being so, the trial judge correctly granted a judgment for the defendant notwithstanding a verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1955—DECIDED JANUARY 9, 1956.

*Quillian, Quillian & Thomas,* for plaintiff in error.
*R. F. Duncan,* contra.