19650. ROMAR ACCEPTANCE CORPORATION *et al. v.*
PARHAM.
19651. FREEZ-KING CORPORATION *v.* PARHAM *et al.*

HAWKINS, Justice. Romar Acceptance Corporation brought an equitable petition against T. L. Parham to set aside as void a judgment against described personal property, and against Freez-King Corporation and Swirley Manufacturing Company as nonresident defendants, in an attachment proceeding in Peach Superior Court; to declare null and void a purported levy of the said attachment, and to enjoin a suit by T. L. Parham against Hartford Accident & Indemnity Company as surety on a claim bond and forthcoming bond executed by the plaintiff as principal, which claim was voluntarily dismissed by the claimant after the property levied upon had been taken possession of by the claimant under such bonds. Freez-King Corporation filed an intervention in said equitable proceeding, adopting the allegations of count II of the plaintiff's petition, and seeking to have the judgment against it in the attachment proceeding set aside as null and void for the reasons alleged in the plaintiff's petition. To the judgment sustaining general demurrers to its petition Romar Acceptance Corporation excepted in case No. 19650, and to the judgment sustaining general demurrers to its intervention Freez-King Corporation excepted in case No. 19651. *Held:*

1. Where, as here, three nonresident defendants were named in an attachment case seeking a judgment against described personal property as that of the three defendants, and one of the defendants was, on its motion, dismissed as a party defendant in the attachment proceeding, and where judgment was thereafter rendered against the property described and against the other two defendants in the attachment proceeding, and the third defendant who had previously been dismissed, interposed a claim to the property described in the attachment proceeding, gave bond, and took possession thereof, which claim it thereafter voluntarily dismissed, such claimant is precluded from thereafter setting up title to the property and seeking to attack the judgment rendered in the attachment case as being void on its face, in an equitable petition to enjoin the prosecution of a suit by the plaintiff in attachment against the surety on the claim and forthcoming bonds executed by the

claimant, under which the claimant took possession and disposed of the property. "In a claim case the claimant may attack the execution on any ground which could then be urged by the defendant in fi. fa." *Ansley Co.* v. *O'Byrne*, 120 *Ga.* 618 (1) (48 S. E. 228). Since the defendant may attack a judgment as being void upon its face, the claimant may take advantage of the fact that the judgment upon which the plaintiff in execution relies is a mere nullity, when this fact appears on the face of the record of the proceeding upon which such judgment was rendered. *Hollinshead* v. *Woodard*, 128 *Ga.* 7, 13 (57 S. E. 79); *Osborne* v. *Rice*, 107 *Ga.* 281, 282 (33 S. E. 54); *Hines & Hobbs* v. *H. I. Kimball & Co.*, 47 *Ga.* 587, 588; *Krutina* v. *Culpepper*, 75 *Ga.* 602; *Gazan* v. *Royce & Co.*, 78 *Ga.* 512 (3 S. E. 753). A claimant of property levied upon may likewise in the claim case attack as void a judgment rendered in an attachment case, by showing that there had never been a legal levy of the attachment itself. *New England Mortgage Security Co.* v. *Watson*, 99 *Ga.* 733 (27 S. E. 160). But it is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use, and then contest, not in the claim case—the very case appointed by law for the purpose—but in an equitable petition to enjoin a suit by the plaintiff on the claim and forthcoming bond, the right of the plaintiff in execution to sell the property. "To allow this would be to overlook and disregard the object of the claim laws, that object being to facilitate the trial of the rights of property seized under execution, by a sort of intervention on the part of strangers to the execution, instead of leaving them to assert their rights in some separate and independent action. . . It would be a perversion of these laws not to hold the claimant and his surety estopped by dismissing the claim, the present action being for a breach of a bond to produce the property, and the question of breach not in any way involving the title but only the forthcoming of the property at the time and place of sale." *Anderson* v. *Banks*, 92 *Ga.* 121, 122 (18 S. E. 364). See also *Hollinshead* v. *Woodard*, 128 *Ga.* 7, 15, supra.

2. Applying the foregoing principles to the allegations of the plaintiff's petition, which sought to set aside the judgment rendered in the attachment proceeding and to enjoin the prosecution by the plaintiff in attachment of a suit against

the surety on the claim and forthcoming bonds executed by the plaintiff, upon grounds which could have been urged in the claim case had the plaintiff not voluntarily dismissed its claim, the trial judge did not err in sustaining the general demurrer and dismissing the petition. The argument of counsel for the plaintiff in error that a court of equity should prevent a judgment against the plaintiff in error's bondsmen because it would be unjust is answered by the well-established principle that "Neither law nor equity will assist those who neglect to take care of themselves." *Marshall* v. *Means,* 12 *Ga.* 61 (5) (56 Am. D. 444).

3. Nor did the court err in dismissing on demurrer the intervention of Freez-King Corporation, one of the defendants in the attachment proceeding, whereby it adopted the allegations of count II of the petition and sought to set aside the judgment rendered against it in the attachment proceeding upon the same grounds alleged in the plaintiff's petition. "Since the petition was insufficient and must fall because no cause of action is alleged therein, the intervention must likewise fall and meet the same fate as the petition." *Manning* v. *Wills,* 193 *Ga.* 82, 91 (17 S. E. 2d 261) ; *Morris Plan Bank of Ga.* v. *Simmons,* 201 *Ga.* 157, 173 (4) (39 S. E. 2d 166).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 8, 1957—DECIDED MAY 13, 1957.

*Sam M. Mathews, Joel A. Willis, Jr.,* for plaintiffs in error, case No. 19650.

*Geo. B. Culpepper, Jr.,* contra.

*Sam M. Mathews,* for plaintiff in error, case No. 19651.

*Geo. B. Culpepper, Jr., Sam M. Mathews,* contra.