19778, 19779. ADAMS *v.* PERRY *et al.;* and *vice versa.*

Submitted July 22, 1957—Decided September 6, 1957.

*Carl K. Nelson, Nelson & Nelson,* contra.

DUCKWORTH, Chief Justice. ■ "A motion for new trial reaches the errors in the finding of the jury, or such errors of the court as may lead to the finding, but is not the proper method of correcting errors in a decree or judgment." *Potts* v. *City of Atlanta*, 140 *Ga.* 431, 433 (79 S. E. 110). The above statement is unambiguous and points unmistakably to the limitations upon motions for new trial for correcting errors in the finding of the jury, or such errors of the court as may lead to that finding. It may not be used to correct errors in a decree or judgment. The judgment denying the plaintiff's motion to dismiss her petition is unrelated to the verdict of the jury but is a judgment of the court, and error can be properly assigned thereon only by direct exceptions. The ground of the motion for new trial complaining of that judgment is an improper assignment and presents nothing for decision. For other cases bearing on this question and consistent with the ruling we make, see *Turner* v. *Willingham*, 148 *Ga.* 274 (96 S. E. 565); *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190); *Zachry* v. *Industrial Loan &c. Co.*, 182 *Ga.* 738 (186 S. E. 832); *Page* v. *Brown*, 192 *Ga.* 398, 400 (15 S. E. 2d 506); *Dickson* v. *Citizens Bank &c. Co.*, 184 *Ga.* 398 (191 S. E. 379); *Cantrell* v. *Kaylor*, 203 *Ga.* 157 (45 S. E. 2d 646).

■ The other special ground excepts to the direction of a verdict, upon the ground that the evidence made an issue of fact on the material issues in the case, and will be decided along with the general grounds which complain of the insufficiency of the evidence. The evidence affirmatively shows petitioner not entitled to the relief sought. She testified that no one prevented her from reading the deed she seeks to cancel. Nor does she say that the defendant Perry knew what the deed contained or represented to her what its contents were. The evidence demands an application of the rulings made in *Lewis* v. *Foy*, 189 *Ga.* 596 (6 S. E. 2d 788), and *West* v. *Carolina Housing &c. Corp.*, 211 *Ga.* 789 (89 S. E. 2d 188). Petitioner testified that she could have read the deed had she wanted to. This shows a refusal to do what the law requires, and hence demanded the verdict denying the relief sought, which was cancellation of the deed.

The evidence against the tenant for rent is not excepted to by him. It follows that the verdict was demanded, and the court did not err in directing the same. The amended motion for new trial is wholly without merit, and the court did not err in denying the same.

*Judgment affirmed on the main bill; cross-bill dismissed. All the Justices concur.*