21788. PIRKLE et al. v. GURR.

ARGUED SEPTEMBER 14, 1962—DECIDED OCTOBER 1, 1962—
REHEARING DENIED OCTOBER 22, 1962.

*Lindsay, Simons & Hayes, Stewart, Sartain & Cary,* for plaintiffs in error.

*Irwin, Anderson, Smith & Bird, Franklin B. Anderson,* contra.

MOBLEY, Justice. Does a petition for cancellation alleging fraud in the procurement fail to state a cause of action because it shows that plaintiff, a blind person, failed to have someone read the instrument to her before she signed it?

"There are numerous decisions of this court to the effect that one signing an instrument without reading it is bound by its terms, unless it appears that he could not read and was for this reason imposed upon, or that the signing was under some emergency which excused the failure to read, or that the failure to read was brought about by some fraud or misleading device of the other party." *Grimsley v. Singletary,* 133 Ga. 56, 58 (65 SE 92, 134 ASR 196). "A party to a contract who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as prevents him from reading." *Lewis v. Foy,* 189 Ga. 596, 598 (6 SE2d 788). These and other full-bench decisions of this court establish a clear-cut distinction between a person who can read and one who can not. "Where, however, one who can not read is induced to sign an instrument by the misrepresentations of the other party as to its character or contents, he is not bound thereby. He may, ordinarily, rely upon the representation of the other party as to what the instrument is or as to what it contains; and his mere failure to request the other party, or some one else, to read it to him will not generally be such negligence as will make the instrument binding upon him." *Grimsley v. Singletary,* 133 Ga. 56, 58, supra. "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." *Elliott v. Marshall,* 179 Ga. 639, 640 (176 SE 770).

In the *Grimsley* case, supra, the defendant, an illiterate negro, was induced to sign a deed by the representation that she was signing a note. In the present case the plaintiff, a blind person, was induced to sign a warranty deed by the representation that the

instrument was a deed creating a revocable trust. In each case the party in question was unable to read, though for a different reason, and in each case the party was induced to sign the instrument by a misrepresentation as to the character of the instrument. The *Grimsley* case is therefore controlling of the issue here presented and we hold that whether or not the plaintiff was entitled to rely on the representations of defendants' attorney as to the nature of the instrument and whether or not she was negligent in failing to have the instrument read to her before she signed it are questions for the determination of a jury.

In arriving at this conclusion, we are not unmindful of the full-bench decision of this court in the case of *West v. Carolina Housing &c. Corp.*, 211 Ga. 789 (89 SE2d 188). In that case a petition alleging that plaintiffs were ignorant colored people, practically illiterate, and totally incapable of reading and understanding the nature of the papers presented to them for their signature was held subject to general demurrer. The court relied upon *Truitt-Silvey Hat Co. v. Callaway & Truitt*, 130 Ga. 637 (2) (61 SE 481), and *Lewis v. Foy*, 189 Ga. 596, 598, supra, both of which involved a party who could read but failed to read, for the proposition that "one having the capacity and opportunity to read a written contract, and who signs it, not under any emergency, and whose signature is not obtained by any trick or artifice of the other party, can not afterwards set up fraud in the procurement of his signature to the instrument." For more recent cases applying this rule to persons who *can* read, see: *Budget Charge Accounts v. Peters*, 213 Ga. 17, 18 (3) (96 SE2d 887); *Adams v. Perry*, 213 Ga. 479, 480 (2) (99 SE2d 881); *Martin v. Alford*, 214 Ga. 4, 7 (1) (102 SE2d 598); *De-Long v. Cobb*, 215 Ga. 500, 505 (111 SE2d 89).

The present case is on all fours with the full-bench decision of this court in *Grimsley v. Singletary*, 133 Ga. 56, supra. We are bound by that decision and follow it in making the present one. Anything in *West v. Carolina Housing &c. Corp.*, 211 Ga. 789, supra, which is contrary to the *Grimsley* case is not binding and we decline to follow it.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Candler and Grice, JJ., who dissent.*

CANDLER, Justice, dissenting. Equity requires diligence in the protection of one's own rights. *Code* § 37-211; *Phillips v. Hayes*, 212 Ga. 148, 149 (91 SE2d 19). Neither equity nor law will assist those who neglect to take care of themselves. *Marshall v. Means*, 12 Ga. 61 (5) (56 AD 444); *Smith v. Rogers*, 144 Ga. 576 (87 SE 772); and *Romar Acceptance Corp. v. Parham*, 213 Ga. 223, 225 (2) (98 SE2d 615). "It is well-settled law in this State that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of." *Prince v. Friedman*, 202 Ga. 136 (42 SE2d 434); *Morrison v. Colquitt Co.*, 176 Ga. 104 (167 SE 321); *Browning v. Richardson*, 181 Ga. 413 (182 SE 516). In *Lewis v. Foy*, 189 Ga. 596, 601 (6 SE2d 788), it was unanimously said: "It is essential to all business relationships that the validity and solemnity of written contracts, freely and voluntarily executed, be upheld. It would be tragic if all such contracts were jeopardized by a rule of law that would permit one of the parties thereto, because of dissatisfaction therewith, to go into court and by oral testimony establishing conduct short of fraud and reasonable diligence obtain nullification of a written contract. If the plaintiff signed the deed here involved without knowing its contents, it was due to her own negligence, and the responsibility is hers and she must abide by the contract as signed." The allegations of the amended petition in the instant case, if true, show reprehensible conduct on the part of the attorney who prepared and presented the deed to the plaintiff for execution, yet they fail to show that any emergency existed at the time the plaintiff executed it or that any trick or artifice was practiced on her to induce her to sign it or that there was a fiduciary relationship between her and the attorney who represented the defendant grantees in the transaction, or between her and the grantees in the deed involved. Although she was old, confined to her apartment and blind, diligence required the plaintiff to delay execution of the deed until she could be apprised of its contents and of its legal effect by someone other than the defendant grantees' attorney. For a recent decision by this court which is controlling here, see *West v. Carolina Housing &c. Corp.*, 211 Ga. 789 (2), supra. The petitioners in that case sought to cancel a deed which they

had executed to one of the defendants and it was held that the allegations of the amended petition "are totally insufficient to relieve them of due diligence or to show any emergency making it necessary for them to sign without delay; and there being no fiduciary relationship between the parties, the petition fails to allege a cause of action, and the court did not err in sustaining the demurrer and in dismissing the petition." It was there pointed out that the amended petition alleged that the petitioners were ignorant colored people, practically illiterate, and totally incapable of reading and understanding the nature of the paper presented to them for their signature; that it was late at night, and there was no one for them to turn to for advice and guidance at that time; and that they were, therefore, required to rely upon the representations of the agents of one of the defendants, which were false. As authority for the ruling there made, *Truitt-Silvey Hat Co. v. Calloway & Truitt*, 130 Ga. 637, supra, and *Lewis v. Foy*, 189 Ga. 596, supra, both of which are full-bench decisions, were cited and relied on by this court. For the reasons stated above, I cannot agree to the majority ruling in the instant case.

I am authorized to say that Chief Justice Duckworth and Justice Grice fully concur in this dissent.