Martha F. BARHAM, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

C.A. No. 88–109–VAL (WDO).

United States District Court, M.D. Georgia, Valdosta Division.

July 20, 1989.

---

**1092**

Walter G. Elliott, Atlanta, Ga., for plaintiffs.

Lillian H. Lockary, Macon, Ga., Ann Reid, Dept. of Justice, Washington, D.C., and Reuben H. Yancey, Valdosta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before this court is the issue of whether a trust created by plaintiffs Martha F. Barham and Ed G. Barham should be rescinded *ab initio* on the basis of material mistake. Plaintiffs state that the reason they created the trust rather than making an outright gift is because they were fully aware of an outstanding Internal Revenue Service ("IRS") income tax assessment against their son, Edwin, Jr., as well as problems with other creditors. In order to protect the corpus and income of the trust from Edwin, Jr.'s creditors plaintiffs included a spendthrift provision in the trust. On February 11, 1988, the IRS served a notice of levy upon plaintiffs for the purpose of satisfying Edwin, Jr.'s tax liability from the trust assets. Upon being advised that despite the spendthrift provision in the trust, the corpus and income of the trust could be levied upon by the IRS to satisfy Edwin, Jr.'s tax liability, plaintiffs now argue they would not have created the trust had they not mistakenly believed it could not be reached by IRS levy and therefore the trust should be rescinded on the grounds of material mistake.

Plaintiffs and defendants agree that under *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), and *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), in the application of a federal revenue act the initial determination, which is to be made under state law, is whether the taxpayer has sufficient legal rights or interest in property for a federal tax lien to attach. *National Bank of Commerce* and *Bess* hold that once it has been determined that state law creates sufficient property interests in the taxpayer for the lien to attach, then state law becomes inoperative and the tax consequences are then dictated by federal law.

■ The trust in question in this case was created on December 18, 1985. The IRS served plaintiffs with notice of levy on February 11, 1988. It was not until ten months later, on November 8, 1988, that plaintiffs, under state law, sought to rescind the trust. It is clear that before November 8, 1988, the IRS had levied on Edwin, Jr.'s interest in the trust, which had been established under state law, thereby rendering plaintiffs' state law remedy under O.C.G.A. § 23–2–21 inoperative and leaving the tax consequences to be dictated by federal law.

■ This court wishes to note that the statute under which plaintiffs seek relief, O.C.G.A. § 23–2–21, is codified in chapter two of title twenty-three, entitled "Grounds For Equitable Relief." Subsection (c) of this statute states *"[t]he power to relieve mistakes shall be exercised with caution;* to justify it, the evidence shall be clear, unequivocal, and decisive as to the mistake."* (emphasis added). In this state equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of. *Prince v. Friedman*, 202 Ga. 136, 42 S.E. 2d 434 (1947). In the present case, plaintiffs admit they were "fully aware that there was an IRS income tax assessment against Edwin [Jr.]" and that Mr. Barham had been a practicing attorney for over fifty years, yet despite this awareness and Mr. Barham's years of experience Mr. Bar-

ham states that he only researched Georgia law in reaching the erroneous conclusion that the spendthrift provision of the trust would be effective against an IRS levy for Edwin, Jr.'s outstanding tax liability. This is clearly an example of circumstances where diligence could have prevented the injury complained of. Therefore, even if this court had not found O.C.G.A. § 23–2–21 to be inoperative under the facts of this case, plaintiffs would still be barred from relief under § 23–2–21 because of failure to exercise reasonable diligence in order to prevent the injury complained of. Based upon the discussion above and the relevant caselaw cited in the defendants' brief, this court DENIES plaintiffs' motion for summary judgment and GRANTS defendants' motion for summary judgment.

SO ORDERED.