JAMES W. HERTY, plaintiff in error, *vs.* JOHN M. CLARK, defendant in error.

1. A settlement between two partners, whereby one buys the other's interest in the partnership property, and gives his note for the amount found to be due the retiring partner, does not estop the maker of the note from pleading and showing, when sued on the note, that it was given for too much, by mistake, arising out of an erroneous charge against the maker of the note in the settlement. The fact that the maker received the note after discovery of the mistake by him, and while it was a matter of dispute, still insisting that it existed, does not vary the rule.

2. There being evidence in this case of the existence of the mistake, and the jury having so found, we will not disturb the verdict.

Partnership. Settlement. Mistake. Before Judge ROBINSON. Baldwin Superior Court. February Term, 1872.

James W. Herty brought complaint against John M. Clark on a promissory note, dated April 1st, 1870, due one day after the date thereof, payable to James W. Herty, or order, for the sum of $800, with the following credits thereon, to-wit: May 15th, 1870, $200; July 1st, 1870, $100; July 9th, 1870, $210.

The defendant pleaded that said note was given by mistake for $240, principal, and $20, interest, too much, upon a settlement had between plaintiff and defendant.

Clark testified, that he and Herty were in partnership in the drug business; that the firm was dissolved on November 27th, 1867, defendant giving plaintiff $4,000, and plaintiff's account to the firm of $689, for his interest; that defendant gave his note for $4,000, and by October of the next year, had reduced the debt to $2,204 63, for which he gave two notes: one for $1,822 50, and the other for $382 13; that the following April, 1869, plaintiff, in addition to the notes given in October, 1868, which were in full of all debts then due, presented an account containing an item of $540, for money which plaintiff had borrowed from his sister and put into the firm, and for which he held the firm responsible

VOL. XLVI. 42.

Herty *vs.* Clark.

on the day of settlement, November 27th, 1867, it forming a part of his account with Clarke & Herty; that on April 1st, 1869, on a settlement had between plaintiff and defendant, a balance was found due of $1,207 88, for which defendant gave his note, but that said balance contained an honest mistake of plaintiff of $240, principal, and $20, interest, in this: that one item upon which said balance was founded, charging defendant with Miss M. E. Herty's bill of cash, $540, and interest of $20, less a counter-charge of $300, embraced in said Miss Herty's bill, due to said defendant, of $685 05, had been, long before said balance was found, to-wit: on November 27th, 1867, fully settled, and had been allowed to plaintiff in part payment of his own debt to defendant as copartner in the drug business; that, by continual payments, the debt was reduced, on July 30th, 1870, to $290, and defendant offered to pay the balance of $50; that defendant had given notes with a knowledge of the mistake, but had always claimed the mistake as existing; that the mistake originated when the account was presented in April, 1869, it having fully entered into the settlement of November 27th, 1867; that defendant did promise to plaintiff to close the account on the shop books, but he did not do so because he became convinced that the account was wrong; that the books were kept by plaintiff, and whatever mistake there is, is an error of his.

Herty testified, that in the matter of the $540 of Miss Herty's account, the amount was to be credited on her account, and in the sale of the half interest, it was not to be included in the account of plaintiff; that when the notes for $1,822 50, and $382 13, were given by the defendant, the matter was considered settled upon that basis, was mentioned at the time; that defendant promised to balance his books up to that date; that the credit of $540 was to be carried to Miss Herty's account; that when said two notes were taken up, leaving balance due to plaintiff of $1,207 88, the amount of $540 was still considered due to Miss Herty, less the amount charged on her account; that in the final settlement, when

Herty vs. Clark.

the note for $800 and due bill for $75 were given, the $540 was still considered as being to the credit of Miss Herty, less her account; that, at the final interview, defendant acknowledged the amount just, and promised to pay it; that in assuming the account of Miss Herty in the statement of April 1st, 1869, it was considered that the credit of $540 was allowed; that plaintiff would not have assumed her account of $685 05 if the credit of $540, and interest of $20, had not have been allowed.

The statement of April 1st, 1869, was as follows:

J. W. Herty in account with J. M. Clark,     Dr.

1869..April 1st..To amount of Mrs. F. A. Herty's
                 bill to April 1st.................... $1,058 96
1869..April 1st..To amount of Miss M. E. Herty's
                 bill to April 1st....................   685 05
1869..April 1st..To amount of B. R. Herty's bill
                 bill to April 1st....................   500 90
1869..April 1st..To amount of J. W. Herty's bill
                 $2,881 67............................   636 76

Cr...By notes of J. M. C. ¹'⁸²² ⁵⁰ .................$2,205 63
                         ³⁸³ ¹³
      By cash, Miss M. E. Herty.....................   540 00
      By interest, Miss M. E. Herty.................    20 00
      By B. R. Herty's bill......................... 1,250 00
      By account of A. Joseph.......................     7 00
      By account of N. G. Lanterman.................    65 85
      By overcharge in bill $4,089 55...............       70

      Amount due J. W. H., April 1st...............$1,207 88

The jury returned a verdict for the plaintiff for $30, with interest. The plaintiff moved for a new trial because the verdict was contrary to the evidence and to law. The motion was overruled and plaintiff excepted.

CRAWFORD & WILLIAMSON, for plaintiff in error.

WILLIAM McKINLEY, for defendant.

MONTGOMERY, Judge.

1. Mistake in settlement of accounts is too common a ground for the interposition of a Court of equity, and *pro hac vice*, on a proper case made, our Courts of law are Courts of equity—to need elaboration—1 Story's Equity Jurisprudence, section 452, and the sections immediately preceding. The fact that Clark gave his note, not in settlement or by way of compromise of the disputed amount, (for he insisted at the time that the mistake existed,) but subject to future adjustment, does not estop him.

2. This settled, the only remaining point to consider is, did the jury have sufficient evidence before them of the mistake to justify their verdict. As to amounts the record is confused—the plea admits $30 due the plaintiff, and is, of course, sworn to—and the jury find for this amount. Clark, in his testimony, says "fifty dollars" is still due, but this is written in figures in the record and may be intended for thirty. The note of $800, according to Clark's testimony, was for $240 principal, and $20 interest, too much. Allowing, first, this credit and then the credits indorsed on it, and the verdict of the jury is right, omitting some slight interest which they probably thought counterbalanced by the interest Clark had been paying on the $260 before the discovery of the mistake. True, Herty contradicts all this testimony about a mistake. Still Clark's evidence supports the verdict and the judgment must, therefore, be affirmed.

Judgment affirmed.