32213. HARGROVE *v.* BLEDSOE.

DECIDED NOVEMBER 11, 1948. REHEARING DENIED DECEMBER 3, 1948.

R. U. Harden, for plaintiff in error.

W. W. Newton, contra.

PARKER J. The defendant relies upon the Code, § 20-308, "If the consideration be founded in mistake of fact or of law, the promise founded thereon can not be enforced," and upon § 37-202, which states that a mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition or misplaced confidence. That section also states that the power to relieve a mistake in equity shall be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake. The defendant also relies on a number of cases. In *Herty* v. *Clark*, 46 *Ga.* 649(1), it was held that one partner who buys the other's interest in the partnership property, giving his note for the amount found to be due the retiring partner, is not estopped from pleading and showing when sued on the note that it was given for too much, by mistake, arising out of an erroneous charge against the maker of the note in the settlement. It appears from the decision in that case that the note was given "subject to future adjustment," the maker insisting at the time that the mistake existed. In *Branch* v. *Cooper*, 82 *Ga.* 512 (9 S. E. 1130), there was a mistake in the partnership books, in consequence of which the interest of the selling partner seemed to be much larger than it really was, and the mistake was unknown to both partners and neither was in laches in respect to its discovery. In *Werner* v. *Rawson*, 89 *Ga.* 619 (15 S. E. 813) it appears that there was an honest misunderstanding by the two parties as to the purchase-price of certain land, and reasons are pointed out why the vendor was excused from noticing the consideration stated in the deed and the check given for the purchase-price. In *Burnett* v. *Davis*, 124 *Ga.* 541 (52 S. E. 927), the plea that the amount sued for was larger than the amount really due, as a result of a mutual mistake of the parties, which was held to be sufficient, was quite different from the plea in the present case. The transaction there involved several notes

with a number of credits thereon in which the mistake arose. The case of *Dobbs* v. *Perlman,* 59 *Ga. App.* 770 (2 S. E. 2d, 109), dealt with facts involving the sale of certain stock, which are entirely different from the situation presented in the instant case; and the case of *J. Kuniansky Inc.* v. *Ware,* 192 *Ga.* 488 (15 S. E. 783), was an action in equity for rescission of a sale of real estate, based on a mistake of the plaintiff as to the identity of the property, induced by acts of the seller amounting to fraud. That case, too, is unlike the one at bar. The defendant cites several cases dealing with the right of a purchaser or seller to correct in equity a mistake in acreage in land sales, by suing for the excess or deficiency. One of the leading cases of that kind is *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333), and it cites *Branch* v. *Cooper,* supra, *Kitchens* v. *Usry,* 121 *Ga.* 294 (48 S. E. 945), and *Whittle* v. *Nottingham,* 164 *Ga.* 155 (138 S. E. 62). It appears, in each of the cases cited dealing with shortages in acreage in land sales, that the shortage was the mistake of a surveyor or engineer entrusted with ascertaining the number of acres, with no negligence chargeable to either party.

"When a defendant, in a court of law, seeks to avoid his contract on the ground of mistake, he must, by his pleadings, allege the grounds of the mistake, as fully as he is required to do in a court of equity to entitle him to relief." *Lowery* v. *Davidson,* 44 *Ga.* 38(3). The Code, § 37-206, provides: "In all cases of a mistake of fact material to the contract . . equity will relieve," but this is qualified by § 37-211 which reads: "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; nor shall the ignorance of a fact, known to the opposite party, justify the interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." See *Langston* v. *Langston,* 147 *Ga.* 318 (93 S. E. 892), holding that, "Where the terms of an instrument express the intent of the parties at the time the contract is made, as they are then informed, in the absence of any allegation of fraud, misrepresentation, or misplaced confidence, equity will not interfere to relieve on account of ignorance of a fact by one of the parties, if by the exercise of due diligence he might have ascertained the truth." The defendant does not claim any fraud,

misrepresentation, or misplaced confidence. "Ignorance by both parties of a fact shall not justify the interference of the court; nor shall a mistake in judgment or opinion merely as to the value of property authorize such interference." Code, § 37-210. The plea of the defendant merely alleged ignorance by both parties of certain facts relating to their business, which should have been within the knowledge of both parties; and showed a lack of care and diligence in reaching an agreement as to what the interest of the selling partner in the business was worth, resulting in what may have been a miscalculation as to the real value of such interest, but a mere mistake in judgment or opinion as to the value of property does not authorize interference by the courts. Courts will not undertake to make contracts for parties, but will endeavor only to enforce such contracts as are lawfully and legally made by them. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." Code, § 37-212. This section is a codification of the ruling in *Werner* v. *Rawson,* supra. Considering this section as a whole, we do not think that it aids the defendant's case. If his negligence, which we think is apparent from his plea and answer, was not the violation of a legal duty, still it does not appear that the plaintiff has not been prejudiced thereby. The plea shows that the dissolution of the partnership, and the purchase by the defendant of the plaintiff's interest therein, were brought about because of the desire of the plaintiff to return to Alabama. After the dissolution the defendant operated the business for almost a year, from June 20, 1947, until May 26, 1948, when the suit was filed. If it be conceded that the negligence of the defendant did not amount to the violation of a legal duty, it does not appear that the plaintiff has not been prejudiced thereby.

The plea shows that many of the items claimed by the defendant as having been overlooked in the making of the sale were expenses that he personally had paid for the partnership, most of which were paid out in 1946, six months or more before the dissolution. The only other items alleged to have

been omitted by mutual mistake were accounts owed to the business and a depreciation charge on the cost of fixtures and equipment. We do not think that the overlooking of these accounts and a possible charge for depreciation are such mistakes as the law contemplates, and are sufficient to justify the setting aside of the contract made by the parties. There is no contention that the books were incorrect, or that they contained any error as to any item causing a mistake. Even if the books were not right up to date because of the illness of the defendant's wife who was the regular bookkeeper, it does not appear that an error or mistake was made in any item because it had not been posted on the books. The parties got together with the books before them, after having the aid of a trained bookkeeper the night before, and agreed upon a price for the plaintiff's interest after working on the books for several hours, and no reason appears to us why the courts should strike down the contract made by them. See *Bostwick* v. *Duncan*, 60 *Ga.* 384; *Dyar* v. *Walton*, 79 *Ga.* 466 (7 S. E. 220); *Keith* v. *Brewster*, 114 *Ga.* 176 (39 S. E. 850); *City of Jefferson* v. *Trustees of Martin Institute*, 199 *Ga.* 71 (33 S. E. 2d, 354).

We think that the defendant's plea and answer was properly stricken, and the court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*