### 23115. WILLIAMS v. LOCKHART.

ARGUED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965.

*Connerat, Dunn, Hunter, Houlihan & Maclean, Stanley W. Feiler, Spencer Connerat, Jr.,* for plaintiff in error.

*George G. McCoy,* contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a three-count petition seeking cancellation of a warranty deed.

Eugene Williams in his petition alleged that: on February 12, 1963, individually and as executor of the estate of his wife, he conveyed by deed his interest and the estate's interest in a described tract of land to the defendant Henry J. Lockhart, reserving to himself a life interest; though the deed recites a consideration of $10 and other good and valuable consideration, there was no consideration given by the defendant for the conveyance.

Count 1 seeks cancellation because there was no consid-

eration for the deed. Even if there was no consideration for the deed, in the absence of some equitable ground such as fraud, a voluntary deed will not be canceled on the ground of a lack of consideration. 13 Am. Jur. 2d 515, § 21.

■ Count 2 asserts that the deed should be canceled because it was executed under the mistaken belief that the plaintiff would be able to sell or borrow money on the property after its conveyance to the defendant.

Ignorance of a fact by both parties is no cause for a rescission or cancellation of a deed. It is the duty of contracting parties to inform themselves with reference to the subject matter about which they desire to contract. Equity will grant no relief to one who in the exercise of ordinary diligence could have prevented the injury complained of. *Keith v. Brewster,* 114 Ga. 176 (39 SE 850); *Browning v. Richardson,* 181 Ga. 413 (182 SE 516); *Prince v. Friedman,* 202 Ga. 136 (42 SE2d 434).

■ Count 3 alleges that the deed should be canceled because "Said deed was executed by plaintiff under the mistaken belief that plaintiff would be able to sell or borrow money on the aforesaid described property. The mistaken belief of plaintiff was induced by the fraud of defendant in that defendant falsely misrepresented to plaintiff that plaintiff would be able to sell or borrow money on the aforesaid described property."

Where representations amount to mere expressions of opinion, they do not, though untrue, constitute false representations such as will avoid the contract. *Williams v. Fouche,* 164 Ga. 311 (138 SE 580); *Swofford v. Glaze,* 207 Ga. 532 (63 SE2d 342). "A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed sought to be canceled on account of the alleged fraud on the part of the vendee." *Morrison v. Colquitt County,* 176 Ga. 104 (1) (167 SE 321).

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*