## 47944. DEAN et al. v. AVCO FINANCIAL SERVICES, INC.

DEEN, Judge. The sole contention of the appellants in this action for money judgment against them based on a renewal loan made by the finance company operating under the Industrial Loan Act is that the copy of the loan contract issued to the borrowers at the time of renewal does not meet the requirements of Code Ann. § 25-319. It was held in *Colter v. Consolidated Credit Corp.,* 116 Ga. App. 520 (157 SE2d 812) that the burden is on the lender to show full compliance with the terms of the Act, otherwise the transaction is void. In *Colter* there were violations of Code Ann. § 25-319 in that no financial disclosure statement was delivered to the borrowers and there was no testimony as to the exact details of the transaction.

The loan contract is in evidence here, and shows term, amount, monthly instalments, interest, fees, life and health and accident insurance premiums, former unpaid balance, and cash delivered to customer. The face amount of the two insurance policies is not filled in, and the property pledged as collateral is identified only as "Same as Pre. Financial Statement No. 199437," which was the statement listing property pledged on the loan of which this is a renewal, as shown by another document. The face amount of insurance was also shown on a separate document. All three were signed by Dean.

If repossession or seizure of property belonging to the borrowers had been attempted by virtue of this instrument, we might well reach a different conclusion. This is a suit on a renewal note for a general judgment only and, while the renewal note should have been made out with as much particularity as is required by the statute of the original, should list

the property pledged, and should show the insurance coverage being purchased, it nevertheless affirmatively appears that there was a substantial compliance with the statute and that the defendants had been furnished the relevant information. De minimis non curat lex. Judgment was properly entered up for the plaintiff for the balance in default.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
Argued February 6, 1973 — Decided February 19, 1973.

*Archie Beardon,* for appellants.
*James B. McGregor, James O. Goggins,* for appellee.