## 48717. SELLERS v. ALCO FINANCE, INC.

CLARK, Judge. This appeal is by a borrower defendant from an order denying this motion to set aside a default judgment obtained against him by a licensed industrial loan company. The motion alleges the loan contract affixed to the complaint shows non-amendable defects which constitute violations of the Georgia Industrial Loan Act codified as Chapter 25-3 making the contract void. This loan document is dated January 12, 1972, and provides that the amount of $1,176 representing principal of $942.76 plus interest and charges was to be "payable in 24 installments of $49.00 commencing on 2/10/72 and to the 10th thereafter with final installment of $49.00 due 2/12/73." Judgment had been rendered for the unpaid loan balance of $738.80 plus attorney fees.

Averring that the loan contract was not legal under Code Ann. § 25-9903 which provides that "Any loan contract made in violation of such Chapter [Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.)] shall be null and void," appellant sets forth these grounds:

a. As the contract provides for repayment in monthly payments due the 10th of each month with the final payment being February 12, 1973, such loan maturing within 13 months results in the interest exceeding the maximum permitted under the Act.

b. If the document be construed as providing for 24 equal monthly payments with the final date being February 12, 1974, instead of 1973, as written, then the loan exceeds the maximum term of two years permitted under the act as the loan was made January 12, 1972.

c. If the contract is construed as requiring 24 equal monthly payments with 23 falling due on the 10th day of each month beginning February 10, 1972, with the final payment being January 12, 1974, then the interest charged is usurious because of 23 monthly payments coming due two days prior to the monthly date of the 12th when they should be payable. Additionally, such scheduling of the first payment violates the regulations of the Industrial Loan Commissioner.

The loan company argues that the contract contains a typographical error which should be considered to be a patent ambiguity which would not in and of itself void said note. The lender argues that instead of the final payment being the date

of 2/12/73 as stated in the contract, the proper interpretation is to have the final payment date read January 10, 1974, so as to make the transaction meet the terms of the Georgia Industrial Loan Act.

We rule the trial court to have erred.

1. As written, the loan contract with a thirteen month maturity date of February 12, 1973, is void on its face. Code Ann. § 25-315.

2. If the loan is treated as being for a period from January 12, 1972, to February 12, 1974, which would change the written maturity date from 1973, then the loan is void because it exceeds the statutory period of 24 months. *Abrams v. Commercial Credit Plan,* 128 Ga. App. 520 (197 SE2d 384); *Gray v. Quality Finance Co.,* 130 Ga. App. 762; Code Ann. § 25-315.

3. If the loan note is treated as providing for 23 monthly payments due on the 10th day of each month with the 24th payment coming due on January 12, 1974, then the contract is void because the charges exceed the statutory maximum rate provided in Code Ann. § 25-315. It would also be violative of the regulation promulgated by the Industrial Loan Commissioner (Gen. Rule 120-1-10.02) the pertinent portion reading: "With the exception of single payment loans, the initial installment on all loans shall become due within a period not to exceed forty-five (45) days from the date on which the loan is made but *not sooner than the regular installment period,* whereby fees in excess of those authorized by the Act are charged." (Emphasis supplied.) See Code Ann. § 25-306 (a) which granted the Commissioner power to make rules and regulations.

4. Lender argues that we should apply a construction which would give effect to an interpretation that would validate the instrument rather than void it. Code Ann. § 20-704 (4). This would require the court to change the maturity in three respects: namely, month, day and year so that it would read January 10, 1974, instead of February 12, 1973. "It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties." *Carr v. Louisville &c. Co.,* 141 Ga. 219, 222 (80 SE 716). The law will not make a contract for the parties which is different from the contract which was executed by them. *McCullough v. Kirby,* 204 Ga. 738 (51 SE2d 812); *Wake Broadcasters, Inc. v. Crawford,* 215 Ga. 862 (114 SE2d 26); *Hargrove v. Bledsoe,* 78 Ga. App. 107 (50 SE2d 223). Relief is not available on the basis of a unilateral mistake in the absence of fraud or inequitable conduct or other special circumstances.

*Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756). Such relief is definitely unavailable here where the mistake or negligence is attributable to the employee of the lender. *Williams v. Lockhart,* 221 Ga. 343, 344 (2) (144 SE2d 528); *McCullough v. Kirby,* 204 Ga. 738 (51 SE2d 812); *Bailey Co. v. West Lumber Co.,* 1 Ga. App. 398 (4) (58 SE 120). See also *Clement Plumbing Co. v. Goodwin,* 130 Ga. App. 245.

5. As the record on its face shows the loan violated the Georgia Industrial Loan Act and was therefore void, the motion to set aside the judgment was predicated upon a non-amendable defect with the pleadings showing affirmatively that no claim existed. Code Ann. § 81A-160 (d).

*Judgment reversed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED NOVEMBER 6, 1973 — DECIDED FEBRUARY 5, 1974.

*Rufe E. McCombs, John L. Cromartie, Jr., Bettye H. Kehrer, H. Winthrope Pettigrew,* for appellant.

*Hirsch & Hodges, Jacob Biel,* for appellee.