## 51731. DUKES v. HOUSEHOLD FINANCE CORPORATION OF MARIETTA.

EVANS, Judge.

The transaction involved herein is governed by the provisions of the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.). After default in the note, Household Finance Corp. of Marietta sued the defendant Dukes for the amount due plus attorney fees. The defendant

answered, denying the indebtedness, and among its defenses was one that the loan contract was absolutely null and void under the provisions of Code Ann. § 25-9903. Also he sought judgment in the amount of $1,000 on the theory of recoupment for the plaintiff's failure to properly disclose information under the Federal Consumer Credit Law (U. S. C. § 1640).

After discovery, defendant moved for summary judgment. A hearing was held, and motion was denied. Defendant appeals. *Held:*

1. The note shows that charges were made for group credit life insurance and for disability insurance, but it does not show the amount of each class of insurance carried. Under *Patman v. General Finance Corp.,* 128 Ga. App. 836 (21) (198 SE2d 371), the note shows on its face that it does not meet the statutory requirements and is void under the *Patman* decision.

2. The Georgia Industrial Loan Act (Code Ann. § 25-319) requires that "a copy of the loan contract or a *written itemized statement in the English language*" be delivered to the borrower showing in clear terms, among other things, "the amount of each class of insurance carried and the premiums paid. . ." (Emphasis supplied.)

3. In the recent case of *Household Finance Corp. v. Rogers,* 137 Ga. App. 315, this court, in a 7 to 2 decision, has held that if there were other writings, it was incumbent upon the defendant to come forward with them or to suffer judgment. This case is on "all fours" with the *Rogers* case insofar as the determination of the validity or non-validity of the loan contract.

While the writer dissented in the *Household Finance Corp.* case, nevertheless I am bound by that decision and must follow the same here. See my dissent at page 317. I am still of the opinion that a question of fact remains for determination *as to whether there are other writings* between the parties and as to whether or not the Georgia Industrial Loan Act has been violated in this instance so as to void the contract under Code Ann. § 25-9903.

4. The evidence on discovery is insufficient to show whether or not the defendant is entitled to any amount under his counterclaim seeking a penalty under the Federal Consumers Credit Statute. A question remains

for decision thereon.

*Judgment reversed in part and affirmed in part. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 2, 1976.

*John G. McCullough,* for appellant.
*Harris Bullock,* for appellee.