## 30928. MOORE v. AMERICAN FINANCE SYSTEM.

HALL, Justice.

This is an appeal from an order of the State Court of Hall County denying Moore's motion to set aside a default judgment. Moore had entered into a loan transaction with American Finance System, a loan company licensed and regulated under the Georgia Industrial Loan Act. After Moore's failure to make several required payments, American sued to recover the principal, interest and attorney fees. No response to the petition was filed and a default judgment was entered on September 18, 1973. On or about September 27, 1975, a summons of garnishment was served on Moore's employer seizing a portion of her wages. On October 31, 1975, Moore filed the motion to set aside the default judgment under Code Ann. § 81A-160 (d) on the ground that it was void on its face due to non-amendable defects appearing on the face of the pleadings.

There appears to be no doubt that the contract violated the Georgia Industrial Loan Act in two respects. First, a usurious amount of interest was charged, and second, the contract contained no disclosure of the amount of each class of insurance premium. See *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96, 97 (205 SE2d 110) (1974), affd., 232 Ga. 637 (208 SE2d 454) (1974); *Ga. Investment Co. v. Norman,* 231 Ga. 821 (204 SE2d 740) (1974); *Patman v. General Finance Corp.,* 128 Ga. App. 836 (198 SE2d 371) (1973). The trial judge's order denying the motion to set aside held (1) that Code Ann. § 81A-160 (d) is unconstitutionally vague; (2) that Code Ann. § 81A-160 (d) is inconsistent with Code § 46-410 and Code Ann. § 81A-115 (b); (3) that the movant was guilty of laches; and (4) that the penalty provisions of the Georgia Industrial Loan Act (Code Ann. § 25-9903), do not apply unless a creditor intentionally and wantonly violates the Act. We reverse on each ruling.

1. Code Ann. § 81A-160 (d) provides that "[a] motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings . . . [and] the pleadings must affirmatively show that no claim in fact existed." This section does not

purport to resemble Federal Rule 60; it is a revision of the earlier law that was found prior to 1966 in Code Ch. 110-7 (1933) and as far back as the Code of 1873. See Leverett, Comments on The Georgia Civil Practice Act of 1966, pp. 295, 315 (1967). Its meaning is well expressed by Judge Jenkins in *Rollins v. Personal Finance Co.,* 49 Ga. App. 365 (175 SE 609) (1934): "A petition, although defective and although subject to general demurrer, in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to the technical statutory remedy of a motion in arrest of judgment, unless it be that the petition shows on its face that a cause of action did not in fact exist, or that the petition is so utterly defective that it could not be amended at all, or that the defect in the petition is of such character as renders unenforceable or meaningless the verdict and judgment based thereon." We find this statute neither vague nor uncertain. The trial court was in error in declaring Code Ann. § 81A-160 (d) to be unconstitutionally vague.

2. Code Ann. § 81A-160 (d) does not conflict with Code Ann. § 46-410 or Code Ann. § 81A-115 (b). Code Ann. § 46-410 applies to default judgments enforced through garnishment of the defendant's wages when no non-amendable defect appears on the face of the pleadings or from the record, and the pleadings do not affirmatively show that no claim in fact existed. *Security Management Co. v. Keasler,* 131 Ga. App. 230 (205 SE2d 515) (1974). Similarly, Code Ann. § 81A-115 (b) concerns only amendments to conform to the evidence and in no respect overlaps with Code Ann. § 81A-160 (d).

3. Laches is a defense peculiarly applicable to equitable suits and has no relevancy to the case at bar involving a motion to set aside a judgment upon a legal ground. *Addis v. Smith,* 226 Ga. 894 (178 SE2d 191) (1970).

4. The provision of Code Ann. § 25-9903, declaring that loan contracts in violation of the Industrial Loan Act are null and void, is applicable whether the violation is wilful or inadvertent. See *Lawrimore v. Sun Finance Co.,* supra.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1976 — DECIDED
APRIL 6, 1976.

*Patricia C. Downing, Ernest V. Harris, John L. Cromartie, Jr.,* for appellant.