## 76633. MICHIGAN HOMES, INC. v. UNITED STATES FIDELITY & GUARANTY COMPANY.

(374 SE2d 323)

SOGNIER, Judge.

United States Fidelity & Guaranty Company (USF&G) sought a declaration of its obligations under an agri-business owners insurance policy it issued to Michigan Homes, Inc. d/b/a Oakhill Farms. Michigan Homes, Inc. appeals from the trial court's order denying its motion for summary judgment and granting USF&G's motion for summary judgment.

Appellant is the defendant in a suit brought by Bobby Joe Fudge seeking damages for injuries caused to his real property due to appellant's discharge of raw cattle sewage into a creek which flows from appellant's property through Fudge's property. Appellee brought its declaratory judgment action contending that exclusionary language in the policy eliminated any obligations it had on behalf of its insured, appellant. The language in issue provides in the "exclusions" section: "Coverage C — Liability and Coverage D — Medical Payments to Others do not apply to bodily injury or property damage . . . 9. arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere of any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental, or to bodily injury or property damage caused by or arising out of: a. smoke resulting from the normal and usual practices of farming or agricultural pursuits at the insured location, provided that such practices or pursuits are not in violation of any ordinance or law, or b. the application of farm chemicals at the insured location provided the application is usual and incidental to normal farming operations and is not in violation of the law." (Boldface emphasis in original deleted.)

Appellee contends the policy language can be construed only as providing that coverage is excluded as to property damage arising out of the discharge of waste materials "into or upon [1] land, [2] the atmosphere of any watercourse or [3] [any] body of water." Since the waste material was discharged into a body of water, appellee asserts all coverage is excluded and therefore the trial court's grant of summary judgment in its favor and against appellant was proper. Appellant, on the other hand, contends the policy language can be construed only as providing that coverage is excluded as to property damage arising out of the discharge of waste materials "into or upon [1] land, [or] [2] the atmosphere of any watercourse or body of water." Since the waste material was not discharged into or upon land or the atmosphere, appellant asserts that the exclusion is not applica-

ble and thus the trial court erred by denying summary judgment in favor of it and granting appellee's motion. Alternately, appellant argues that the language remains ambiguous after the application of all rules of construction and thus summary judgment was inappropriate for both parties.

" 'Insurance is a matter of contract and it is contract law rather than the underlying motives of the contracting parties that is ultimately controlling. [Cit.]' [Cit.] 'The existence or non-existence of an ambiguity is itself a question of law for the court. [Cit.] If the court determines that there is an ambiguity, this does not automatically give rise to a jury question, however. [Cit.] At this point it becomes the duty of the court to attempt to resolve the ambiguity by applying the rules of construction set forth in OCGA § 13-2-2. [Cits.] It is only when the ambiguity remains after the statutory rules have been applied that the issue becomes one for the jury. [Cits.] . . . Moreover, in applying [these rules], we have consistently held that an insurance contract is to be strictly construed against the insurer and in favor of the insured. [Cits.] Our courts have further held that the insurer, having affirmatively expressed coverage in broad promissory terms, has a duty to define any limitations or exclusions clearly and explicitly. [Cit.]' . . . [Cit.]" *MAG Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 173 (367 SE2d 63) (1988).

Turning to the language in question, to interpret the policy as proposed by appellant would be to hold that coverage was excluded when waste material was discharged either upon land or into the atmosphere over any water, be it watercourse or a body of water. To interpret the policy as proposed by appellee would be to hold that coverage was excluded when waste material was discharged upon land or into water, but only when the water is a *body* of water and not when the water is in the form of a watercourse, since only the *atmosphere* of any watercourse, the final item on the list, is excluded. Although appellee valiantly asserts in its brief that "it is clear that the word 'atmosphere' entails the entire ecosystem of Mr. Fudge's creek water," the plain language used in the policy provision does not support this argument, leaving appellee with the more absurd of the two possible interpretations.

Although neither party raised this argument, we note that a more reasonable interpretation of the policy language than that posed by the parties would seem to result if the preposition "of," posited between "atmosphere" and "any watercourse," was deemed to be a typographical error for the coordinating conjunction "or," so that the policy language would read as excluding coverage as to property damage arising out of the discharge of waste materials "into or upon land, the atmosphere *o[r]* any watercourse or body of water." However, " '[i]t is the duty of courts to construe and enforce contracts as made,

and not to make them for the parties.' [Cit.] The law will not make a contract for the parties which is different from the contract which was executed by them. [Cits.] Relief is not available on the basis of a unilateral mistake in the absence of fraud or inequitable conduct or other special circumstances. [Cit.] Such relief is definitely unavailable here where the mistake or negligence is attributable to the employee of the [insurance company]. [Cits.]" *Sellers v. ALCO Fin.*, 130 Ga. App. 769, 770-771 (204 SE2d 478) (1974). See also *MAG Mut. Ins. Co.*, supra at 174 (2).

" 'In construing an insurance policy, "(t)he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." [Cit.] "Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the insured. [Cit.]" [Cits.]' [Cit.]" *U. S. Fire Ins. Co. v. Hilde*, 172 Ga. App. 161, 163 (2) (322 SE2d 285) (1984). Applying these rules of construction to the policy drafted by appellee, we agree with appellant that the language in the policy excluded coverage for property damage when waste material was discharged onto land or into the atmosphere over watercourses or bodies of water. Since the evidence is uncontroverted that the waste materials allegedly discharged by appellant were discharged not onto land or into the atmosphere of any water, but into the water itself, the exclusionary language in the policy was not applicable. Thus, the trial court erred by granting summary judgment in favor of appellee and by denying the motion for summary judgment made by appellant.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Carley and Beasley, JJ., concur in the judgment only. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

Over one hundred years ago, Chief Justice Bleckley proclaimed that "we may safely say that the reasoning of the law is never absurd." *Knox v. Bates & Co.*, 79 Ga. 425, 427 (1887). The majority opinion suggests that the safety of that proclamation is presently in jeopardy.

As suggested by the majority opinion, the obvious intent of the exclusion under consideration was to exclude coverage for release of waste materials into or upon land, into the atmosphere, and into any watercourse or body of water, an intent that was side-tracked by an apparent typographical error. While categorizing both of the literal but contrary constructions favored by the appellant and the appellee as absurd, the majority opinion then endorses the construction that

strays furthest from the real intent of the exclusion. While there is a general rule of construction of contracts that if a policy provision is susceptible of two or more constructions, the court should adopt that construction which is most favorable to the insured, it should also be remembered that the *cardinal* rule is to ascertain and effectuate the intention of the parties. *Brooke v. Phillips Petroleum Co.*, 113 Ga. App. 742 (149 SE2d 511) (1966). It is the construction advanced by the appellee, not the appellant, that accomplishes that goal. If this court only has the choice of selecting one absurdity over another, I favor the choice that at least effectuates the obvious purpose contemplated by the exclusion.

Accordingly, I must respectfully dissent.

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED OCTOBER 14, 1988

*R. Kelly Raulerson*, for appellant.
*Stephen S. Goss, Billy C. Mathis, Jr.*, for appellee.