A92A0093. JENKINS v. COMMERCIAL CREDIT PLAN, INC.
(419 SE2d 484)

BIRDSONG, Presiding Judge.

Appellant Rozita L. McKissick Jenkins, a/k/a Lynn M. Jenkins appeals from the order of the state court granting summary judgment to defendant and denying summary judgment to plaintiff in this suit to recover damages for violation of the Georgia Industrial Loan Act (GILA).

Appellant asserts that the loan contract was in violation of GILA because appellee failed to disclose the amount of "vehicle insurance" regardless whether the document containing the note and loan agreement (hereinafter "loan document") or the document containing the financial disclosure statement is consulted.

The loan document, in addition to disclosing other insurance information not here at issue, contained therein a preprinted block labeled "Vehicle Insurance Premium." In this block was typed the figures, "168.96." However, the loan document also lists in a block relating to the "Make. No. Cylinders" of a "Motor vehicle/mobile home," the word "NONE," thereby showing that no security interest

was taken as to any motor vehicle or motor home. Although the loan document is not shown to make any express reference to property insurance, the document does expressly provide that "this agreement consists of the front and back of this page and of the Disclosure Statement." Examination of the disclosure statement clarifies that the security interest was given to certain miscellaneous personal property, and not to any real property, motor vehicle or mobile home. Further, the disclosure statement contains no reference to any vehicle insurance premiums. However, it does show inter alia "$168.96 Property insurance premium," and elsewhere therein states, *"Property Insurance*: Borrower may obtain property insurance from anyone borrower wants that is acceptable to lender. Coverage may be provided through an existing policy, or a policy independently obtained and paid for by the borrower. If borrower gets the property insurance from lender, borrower will pay a total premium of $168.96; the coverage is for the term of the loan unless a different term is shown here: 36 MO." Moreover, on the same date, a document captioned "Installment Floater" was executed by appellant, which did reveal the original amount, class of coverage, term of coverage in months, and the $168.96 premium to be paid on the fire, island marine, and extended coverage insurance to be issued to insure the property to which a security interest had been given by appellant. *Held:*

1. First, we find the reference to a vehicle insurance premium of $168.96 on the loan document was due to clerical error in failing to adjust a pre-printed form. Viewing the agreement in its totality, we find that the $168.96 premium listed on the loan document was mutually intended by the parties to apply to property insurance and not to motor vehicle insurance. OCGA §§ 13-2-1; 13-2-3.

2. Appellant, however, asserts that a *Patman* violation has occurred because the agreement does not disclose the amount of the insurance whether the note or disclosure statement is consulted. See generally *Patman v. Gen. Fin. Corp.*, 128 Ga. App. 836 (2) (198 SE2d 371).

The pertinent Georgia Industrial Loan Act statute, promulgated at OCGA § 7-3-18 provides: "At the time the loan is made, each licensee under this chapter shall deliver to the borrower . . . a copy of the loan contract . . . showing in clear terms the date and amount of the loan . . . the amount of each class of insurance carried and the premiums paid thereon. . . ." In *Patman,* supra, the loan contract failed to reveal the amount of insurance or the exact type of insurance being purchased; this court held that the loan contract was void, because the contract on its face showed a violation of the Georgia Industrial Loan Act. Thus, it was broadly concluded, "[t]he Act . . . clearly requires disclosure of this information in the contract." However, *Patman* does not reflect the existence of any other contemporaneous doc-

ument signed by the borrower, as exists in the case at bar, which would have supplied the missing information.

Although the *Patman* line of authority was argued vigorously, the trial court found this case to be controlled by *Dean v. Avco Fin. Svcs.*, 128 Ga. App. 256 (196 SE2d 415). In *Dean*, supra, the evidence of the face amount of insurance coverage was not contained in the loan contract, but was found on a separate document; all relevant documents had been signed, as in this case, by the borrower. The *Dean* court held that, although a renewal note should be drafted with as much particularity as required for an original note, should list the property pledged and show the insurance coverage being purchased, "it nevertheless affirmatively appears that there was a *substantial compliance* with the statute and that the defendants had been furnished the relevant information." (Emphasis supplied.) Id. at 257; see generally OCGA § 1-3-1 (c). The court buttressed its holding on the aged legal maximum,"[d]e minimis non curat lex." Id.

Although the facts of this case are neither identical to *Dean*, supra, or to *Patman*, supra, we find that the legal rationale behind *Dean* is sound and that the result achieved thereby is fair. Accordingly, we are satisfied that the trial court did not err in relying on the precedent of *Dean* as controlling.

We hasten to add that this is not a case of alleged "usury," nor does it involve the repossession or seizure of property belonging to the borrowers. Even the *Dean* court noted that "[i]f repossession or seizure of property belonging to the borrowers had been attempted by virtue of this instrument, we might well reach a different conclusion." Id. at 256.

Appellant, however, asserts in essence that the authority of *Dean* if not tacitly overruled by later cases has been abandoned. We have examined the cases cited by appellant and cannot agree. In particular: In *Moore v. American Fin. System*, 236 Ga. 610 (225 SE2d 17), there was an express finding that in addition to a nondisclosure of the amount of each class of insurance there had been the charging of a usurious amount of interest; neither was there any evidence of a contemporaneous writing signed by the borrower which would have revealed the missing insurance information. Thus, *Moore*, supra, is substantially factually distinguishable; moreover, charging a usurious rate of interest can hardly be found to involve an issue that is "[d]e minimis non curat lex." In *Credithrift &c. v. Mason*, 143 Ga. App. 793 (240 SE2d 158); *Carter v. Credithrift &c.*, 143 Ga. App. 256 (238 SE2d 257); and *Hawkins v. Household Fin. Corp. &c.*, 139 Ga. App. 525 (229 SE2d 13), progeny of *Patman*, supra, none of the reported facts reveals the existence, as in this case, of a similar contemporaneous writing signed by the borrower. Accordingly, these cases likewise are substantially factually distinguishable. The significance of the

lack of reported facts showing the existence of a contemporaneous writing is best established by the examination of *Household Fin. Corp. &c. v. Rogers,* 137 Ga. App. 315 (223 SE2d 462) and *Dukes v. Household Fin. Corp. &c.,* 137 Ga. App. 474 (3) (224 SE2d 107), where there was no contention that writings other than the loan contract existed between the parties. In both of these cases, the court while following the *Patman* precedent, expressly stated that if there were other writings it was incumbent upon the defendant to come forward with them, as was done in this case, or to suffer judgment. The Georgia Supreme Court had an excellent opportunity to overrule the *Dean* precedent in *Georgia Investment Co. v. Norman,* 231 Ga. 821, 825 (204 SE2d 740). *Georgia Investment Co.* is a Georgia Industrial Loan Act case involving the charge of usurious interest wherein the court strictly construed the Industrial Loan Act and opined that if there was a violation of the Act, whatever the usurious amount involved, the statute declares the contract null and void. Notwithstanding this strong language favoring strict construction of the Act, the Supreme Court elected to distinguish rather than overrule the *Dean* case, holding: " 'Counsel for the Loan Company strenuously argue that because of the minimal size of the notary fee here involved, the doctrine of de minimis non curat lex should be applied. They cite in support of their position the case of *Dean et al. vs. Avco Financial Services, Inc.,* [supra]. We do not believe this case is applicable to the instant case. In the *Dean* case the Court of Appeals applied the doctrine where there was an alleged insufficient disclosure as to the insurance coverage provided by a renewal contract, which referred for description to a previous contract. And even in the *Dean* case, the Court of Appeals stated they "might well reach a different conclusion" if repossession or seizure of the property had been involved. In the instant case *a different and more serious defect* is alleged, charging a violation of the law prohibiting usury; the instant case is *distinguishable* from the *Dean* case.' " (Emphasis supplied.) *Georgia Investment Co.,* supra at 825. Although the scope of *Dean,* supra, has been greatly limited, it has not been overruled and remains available to achieve a just determination of situations such as is here presented.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

After stating "it is bad enough that this court has to make a result oriented decision" and that "it is even worse when the court is so disingenuous about its precedent," appellant asserts inter alia this court has "cavalierly [found] a clerical error" and, that "if the court is simply going to read OCGA § 7-3-29 (d) out of existence, then perhaps the court wishes to do the same to *Sellers v. Alco Finance,* 130

Ga. App. 769 [204 SE2d 478] and *Household Finance Corp. v. Middlebrooks,* 139 Ga. App. 224 [228 SE2d 204]." Regarding the tactical propitiousness of such types of assertions, compare *Jenkins v. Vaughn,* 146 Ga. App. 801, 803 (247 SE2d 485). See generally Standard 50, Rule 4-102, Rules & Regulations for the organization and Government of The State Bar of Georgia; Court of Appeals Rule 10 (a).

OCGA § 7-3-29 (d) is not applicable. The statute clearly reflects that it pertains to actions brought under the Code section "for a violation of this chapter" if the lender shows the "violation was not intentional. . . ." In this case, based on *Dean v. Avco Fin. Svcs.,* 128 Ga. App. 256 (196 SE2d 415), we found a *substantial compliance* with OCGA § 7-3-18; thus, there exists no violation within the meaning of OCGA § 7-3-29 (d). *Sellers v. Alco Fin.,* supra, is distinguishable from this case. In *Sellers* the alleged typographical error was not de minimis, and a violation of GILA would result unless this court had elected to intervene to make a contract for the parties which would be substantially different from that executed by them. *Household Fin. Corp. v. Middlebrooks,* supra, also is distinguishable from the case at bar. In *Household Fin.,* supra, the complaint showed on its face that the interest and the finance fee were excessively computed as a result of the mistake. This error too was not de minimis. Further, neither of these cases purport to overrule *Dean,* supra, which remains controlling.

*Motion for reconsideration denied.*

DECIDED APRIL 29, 1992 —
RECONSIDERATION DENIED JUNE 4, 1992 — 

*Ralph S. Goldberg,* for appellant.

*William H. Arroyo & Associates, William H. Arroyo, Stephen A. Gura,* for appellee.